WILLIAM THEODORE MONCRIEF v. STATE

No. 27,094. November 10, 1954
Rehearing Denied January 26, 1955

*Martin & Shown,* Houston, for appellant.

*Henry Wade,* Criminal District Attorney, *Fred M. Bruner,* First Assistant Criminal District Attorney, *James K. Allen, George P. Blackburn,* Assistants Criminal District Attorney, Dallas, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is conspiracy to commit the crime of arson; punishment, 5 years.

Ed McLemore, President of the Cadiz Corporation, the owner of the Sportatorium in Dallas, testified that during the early part of January, 1953, his attention was called to two five gallon cans of kerosene found in an abandoned automobile very near the back door of the Sportatorium. He testified further that the building was completely destroyed by fire shortly after midnight on May 1, 1953, and that the loss, less the insurance, was approximately $150,000.

Roy Tatum, the confessed arsonist and an accomplice witness, testified that he had met the appellant in 1952 and that in April, 1953, while at the American Grill in Houston, the appellant told him he had a job to do in Dallas and that there was $150 in it for Tatum if he would help. Tatum stated that when he assented he and the appellant proceeded to Dallas, where the appellant pointed out the Sportatorium which he said they were to burn and told him that the job was worth $300 and that he would split with him because he (the appellant) had been in an automobile wreck and could not run; that several days later and after midnight on May 1 he and the appellant, in the appellant's old Lincoln automobile, repaired to the vicinity of the building in question armed with a jug of gasoline, tin snips, and a pair of gloves; that the appellant let him out of the car after they had observed where the night-watchman was parked, and he worked his way to the back of the building, where with the aid of the tin snips he made an entrance in the galvanized tin

wall. Tatum stated that when he got in the building he spread the gasoline over that portion thereof which the appellant had told him was the prime target of the arson, ignited the same, ran to the exit, threw the tin snips and gloves away, and returned to appellant's automobile by a circuitous route. Tatum stated that he and appellant then went to the appellant's home in Dallas, where they remained until the following morning when they proceeded to Houston in appellant's automobile to collect the payoff; that upon their arrival in Houston they spent the night in Jack Ragsdale's room in the Sam Houston Hotel, and on the following morning he received $100 from the appellant as his pay for the burning.

Tatum stated that he was arrested in Chicago the following August, returned to Dallas by Dallas Fire Marshal Hood and that he was carried down to the river and showed Hood where he had thrown the snips.

C. C. Mooney, the nightwatchman in the area of the Sportatorium, testified that shortly after midnight on May 1 he had observed an old Lincoln automobile parked near a cafe in the area and had seen the appellant seated therein and Tatum standing on the outside talking to him. He testified that some twenty-five minutes later the Sportatorium burned. Mooney stated that he did not know either of the men but that he had picked them both out of a police lineup sometime later.

Elvis Dalrymple testified that he had known the appellant for about two years; that early in the morning of May 1 he had gone to appellant's home in Dallas and had proceeded with the appellant to take his wife to work; that on their return they passed the charred remains of the Sportatorium and the appellant had told him that he (the appellant) had been at a beer joint nearby when it had burned. Dalrymple testified that he and the appellant then proceeded to the Travis Hotel, where the appellant placed a collect call for one Tony in Houston and reported that "everything was alright up here and that he was coming in." Dalrymple stated that after that they returned to appellant's home, where he met Roy Tatum, and that he, Tatum, and the appellant left for Houston.

Jack Ragsdale testified that he had known appellant for about two years, that in January, 1953, the appellant offered him $100 to burn down a wrestling arena in Dallas but that he refused. Ragsdale testified further that he saw the appellant and Tatum in Houston at the American Grill on May 1, 1953,

and that he gave them a key to a room he had in the Sam Houston Hotel, and that on that occasion the appellant told him he had given Tatum $100.

Bill Cook testified that he, Ragsdale, Alfred McCrory and the appellant had come from Houston to Dallas in January, 1953, had driven by the Sportatorium and that the appellant had offered him and his companions $100 apiece to burn it but that they refused.

McCrory, an accomplice witness under the court's charge, testified that he, a woman named Alice and the appellant had come from Houston to Dallas in January, 1953, and that appellant had offered him $100 to help him burn the Sportatorium and told him that he (the appellant) was to be paid by Tony at the American Grill in Houston for the job. McCrory testified that he and the appellant had acquired two five gallon cans, that appellant had filled them with gasoline or kerosene at a filling station, and that they then proceeded to the Sportatorium late at night and placed the cans in an old automobile back of the building but that when it came time for them to ignite the fire he had lost his nerve and backed out of the venture. McCrory testified that a short while thereafter he, Ragsdale, Cook and the appellant had returned to Dallas and found that the cans had been removed and that the appellant had been unable to get anyone to help him burn the bulding on this occasion.

It was shown that a W. T. Moncrief had checked out of the Travis Hotel in Dallas at 10:00 A.M. on May 1, 1953.

Fire Marshal Hood testified that he investigated the burning of the Sportatorium and found where a piece of tin had been cut and pulled back sufficiently to allow a man to enter on the side of the building next to the river. He further testified that he returned Tatum from Chicago the following August and that Tatum had pointed out a place by the river where he recovered a pair of tin snips.

The appellant did not testify in his own behalf and offered only two witnesses by whom he sought to raise a question as to the ownership of the building and the title to the property upon which the Sportatorium had been located.

The evidence showed without dispute that Ed McLemore was president of the corporate owner and was in full charge and

possession of the building. This was sufficient to establish ownership as alleged in the indictment.

The only serious question presented is the sufficiency of the evidence to corroborate the testimony of the accomplices.

Summarizing, McLemore found the two cans of kerosene at about the time the accomplice McCrory said he placed them there; McLemore took them away, and McCrory said they were gone when he returned.

Mooney saw the appellant and the accomplice in the vicinity shortly before the fire.

The appellant told Dalrymple that he had been near the fire at the time it burned. The appellant called Tony in Houston in the presence of Dalrymple and reported that his mission had been accomplished. Appellant had told an accomplice that the money from the job was to come from Tony in Houston.

The appellant told Ragsdale the day following the fire that he had paid Tatum $100.

Hood found that entrance had been effected in the manner related by the accomplice.

Appellant offered two witnesses, who were not accomplices, $100 to help him burn the building in question.

The facts, we think, constitute sufficient corroboration of the testimony of the accomplice witnesses Tatum and McCrory.

The evidence is sufficient to support the conviction; and, no reversible error appearing, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant correctly points out that the corroboration of the accomplice witnesses must be as to conspiracy to commit arson, that being the offense charged.

It is insisted that though the corroborating evidence is sufficient to sustain a conviction for the offense of arson committed

by the accomplice Tatum, it is not sufficient to connect appellant with the conspiracy to commit arson.

We have re-examined the record in the light of appellant's motion for rehearing and remain convinced that the evidence summarized in our original opinion, taken together, is sufficient to corroborate the testimony of the accomplice witnesses and to connect appellant with the conspiracy, and that the testimony as a whole is sufficient to sustain the jury's verdict.

Appellant's motion for rehearing is overruled.