## EX PARTE A. B. MONEYHUN

No. 27,330.   January 19, 1955

*Theo Ash*, Abilene, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order of the district court of Taylor County remanding relator to the custody of the sheriff.

After having served 41 days on judgments in three cases totaling 120 days, appellant, through his attorney, approached the county judge of Taylor County, and requested his release. The county judge ordered appellant's release because of his health and upon the condition that appellant would leave Taylor County and never return.

At the time of his release appellant was informed by his

attorney that his release was conditioned upon his leaving Taylor County, and he did leave.

Sometime later and after the expiration of the 120-day period, the county judge learned that appellant was in Taylor County and ordered him re-arrested as a prisoner at large to serve the remainder of the 120 days.

Relator applied to the district court for a writ of habeas corpus, contending that since the 120 days had passed he could not now be called upon to serve such term. From an adverse ruling in the district court, the appellant appealed to this court and relies upon two recent opinions of this court in Ex parte Griffin, 158 Cr. Rep. 570, 258 S.W. 2d 324, and Ex parte Morgan, 159 Texas Cr. Rep. 241, 262 S.W. 2d 728.

The record is before us by stipulations which are meager. Sufficient evidence is not brought forward to authorize us to conclude that the county judge acted under the authority of Article 137, V.A.C.C.P., when he ordered appellant released and so we must decide this question solely upon the void condition that appellant leave Taylor County.

In Ex parte Griffin, supra, the prisoner was released from custody by an order of the judge purporting to act under the Adult Probation and Parole Law. We were careful to note in that opinion that by no conduct on the part of the prisoner did he escape confinement.

In Ex parte Morgan, supra, the prisoner was released in compliance with a secret agreement between the prisoner's parents and the judge. There, again, we were careful to note that the prisoner himself was not a moving factor in securing his release.

On the other hand, in Ex parte Wyatt, 29 Texas App. 398, 16 S.W. 301, it was at the prisoner's own request that he was allowed to remain at large.

Therein lies the distinction between the cases, and we think the Wyatt case is here controlling.

When appellant's attorney requested his release he became the moving factor and cannot now take advantage of a void order on the part of the county judge.

The judgment of the district court is affirmed.