## Ex Parte Orville Massie

No. 27,510. March 30, 1955
Relator's Motion for Rehearing Denied
May 4, 1955

Relator's Second Motion for Rehearing Denied
(Without Written Opinion) May 25, 1955

*V. P. Craven* and *Ben Hagman*, Weatherford, for relator.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

By writ of habeas corpus under Art. 119, Vernon's Ann. C.C.P., relator seeks his discharge from further custody under a five-year sentence claiming that, under the facts, the term of imprisonment has been fully satisfied.

The record in this case shows:

Relator was convicted on April 27, 1948, upon his plea of guilty, in the district court of Parker County of the offense of robbery and his punishment was assessed at five years in the penitentiary.

Relator appealed his conviction which was affirmed and the mandate issued thereon on December 10, 1948. Massie v. State, 215 S.W. 2d 179.

After the return of the mandate and on December 18, 1948, the trial court, purporting to act under the authority of the Adult Probation and Parole Law, Art. 781b, Vernon's Ann. C.C.P., placed relator on probation upon certain conditions. This purported order of probation provided that relator be placed on probation, specifying nine terms and conditions which were substantially as those set out in Art. 781b, Sec. 3, Vernon's Ann. C.C.P. This order further provided "that Mr. English be and he is hereby appointed Probation and Parole Officer for the said Orville Massie for a period of 6-months and if the Defendant herein complies with the terms and conditions of this probation for said 6-months this probation will be automatically extended an additional 6-months and provided the Defendant has not violated any of the terms and conditions of this probation and has faithfully fulfilled all of the conditions of the probation on the 18th day of December, 1949, the said Defendant will be discharged. The order purporting to grant relator probation was not placed of record in said court until a nunc pro tunc order was entered on May 24, 1952, for December 18, 1948.

It was affirmatively shown that the relator did not violate any of the terms and conditions of his probation during the period ending December 18, 1949.

The record does not show a revocation at any time of the purported order granting probation in the district court of Parker County.

On November 4, 1951, relator was convicted of the misdemeanor offense of swindling with a worthless check, in Crockett County.

On November 28, 1951, relator was received in the penitentiary to serve his five-year sentence for the Parker County robbery.

On July 9, 1953, relator was granted a conditional pardon, which proclamation recites that his sentence began on November 28, 1951, and that on July 9, 1953, he had over two years and ten months credit on the five-year sentence.

On November 17, 1954, relator's conditional pardon was revoked and, in the latter part of January, 1955, he was taken into custody and placed in jail in Parker County.

We shall now apply the law to the facts just stated.

After the case was appealed and affirmed, and the mandate issued, the district court of Parker County acquired jurisdiction of the case only to see that the judgment of this court was carried out. Therefore, the trial court was not authorized to place relator on probation in this case after the issuance of this court's mandate. State v. Klein, 154 Texas Cr. Rep. 31, 224 S.W. 2d 250.

Relator contends that he is entitled to be credited for the time he was at liberty under the order of probation, although the trial court was not authorized to grant the probation.

In support of his contention relator relies upon our holding in Ex Parte Griffin, 158 Texas Cr. R. 570, 258 S.W. 2d 324, and Ex Parte Morgan, 159 Texas Cr. R. 24, 262 S.W. 2d 728. The facts in those cases affirmatively show that the prisoner himself was not the moving factor in securing his release from custody.

The record here shows that the relator made application for probation under Art. 781b, Vernon's Ann. C.C.P., at the time he entered his plea of guilty and was convicted, but that probation was denied him on the same date.

There is no showing that relator's release on probation on December 18, 1948, was the direct act of the trial judge or that the relator had not sought his release on probation on December

18, 1948. It is incumbent upon the relator to exclude himself from the rule announced in Ex Parte Moneyhun, (page 19, this volume), 274 S.W. 2d 546, in order to obtain relief. Under the facts here presented, relator is not entitled to credit on his sentence for the time he was at liberty under the purported order of probation. This credit is necessary, under this record, to authorize the discharge of the relator.

The relief prayed for is denied and relator is remanded to custody to be held in compliance with the sentence of the district court of Parker County, Texas.

Opinion approved by the Court.

ON RELATOR'S MOTION FOR REHEARING

WOODLEY, Judge.

Since our original opinion was handed down denying relator's discharge, it appears that further testimony has been heard and the record thereof forwarded to this court.

Assuming that the judge had authority to conduct the hearings and that this court is authorized to consider the additional testimony, we remain convinced that relator is not entitled to credit for the time he was at large after the issuance of the mandate of this court affirming his five-year sentence.

The trial judge was not only without authority to grant probation after the affirmance of the conviction on appeal, but his attempt to reduce the term below the minimum provided by statute for the offense was void.

Relator applied for probation when he pleaded guilty. He will not now be heard to say that by no conduct on his part did he escape confinement during the period he was at large under the void order.

Relator's motion for rehearing is overruled.