## EX PARTE LOUESTER WILLIAMS

No. 28,970. April 24, 1957.

*Brown & Brown,* by *Wm. V. Brown, Jr.,* Texarkana, for relator.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order of the district court of Bowie County remanding the relator to the custody of the sheriff of said county.

On September 24, 1956, the relator plead guilty to the offense of possession of illicit untaxed alcoholic beverages and was fined $200.00 and costs of court. Relator was not placed in jail but was released by the sheriff in order that she might raise the amount of the fine. On September 29, she paid $100.00, and thereafter paid no more. On February 26, a capias pro fine was issued for her arrest which recited a balance due of $133.00 on the fine and costs. A writ of habeas corpus was granted, the court heard evidence and denied the relief prayed for.

On the question of who was the moving factor in securing her release from custody, the testimony conflicts to some extent. Relator testified as follows:

"He asked me if I could get $100.00. I said 'yes, sir, I am sure I can.' And he said, 'then try to get me the $100.00. It taken me two or three days to get it and when I got it; I carried it over to his house. I said 'I will be out at my house,' and he said 'okay.' I went home and they mailed my receipt."

The sheriff testified that the relator "begged for time to pay her fine" and that he gave her time in order to raise the money. The deputy sheriff testified that he told relator that if she did not pay the balance of the fine he would secure a capias pro fine and that when she failed to fulfill her promise he did so.

Petitioner contends that she should be given credit on the balance of her fine at the rate of $3.00 for the time she was at liberty, and relies upon Ex parte Griffin, 158 Texas Cr. Rep. 570, 258 S.W. 2d 324, and Ex parte Morgan, 159 Texas Cr. Rep. 241, 262 S.W. 2d 728.

In the relatively recent case of Ex parte Moneyhun, 161 Texas Cr. Rep. 46, 274 S.W. 2d 546, we had occasion to differentiate the facts before us then from the Griffin and Morgan cases. We have concluded that the Moneyhun case is here controlling.

An examination of the entire record before us leads to the unescapable conclusion that the relator was the moving factor in securing her release, and therefore she was not "in custody" and not entitled to credit on her fine.

The judgment of the trial court is affirmed.