STATE of Texas ex rel. Tim CURRY, Criminal District Attorney of Tarrant County, Petitioner,

v.

Honorable Gordon GRAY, Presiding Judge, Criminal District Court No. 4 of Tarrant County, Respondent.

Nos. 64754, 64755.

Court of Criminal Appeals of Texas, En Banc.

June 4, 1980.

Tim Curry, Dist. Atty., L. Tolly Wilson and William D. Kane, Jr., Asst. Dist. Attys., Fort Worth, for petitioner.

Don Gladden and Janette Hinrichs, Fort Worth, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

The Relator is the Criminal District Attorney of Tarrant County and the Respondent is the Judge of Criminal District Court No. 4 of Tarrant County. The Relator

seeks a writ of mandamus to have declared void the orders issued by the Respondent suspending execution of sentence and placing Carroll Hall on probation in Cause Nos. 15,868 and 15,996 and the orders suspending further execution of sentence and placing Charles Norvell on probation in Cause Nos. 15,885 and 16,132.

The Respondent asserts that unless this Court determines the judgments entered by the Respondent are void as a matter of law, a writ of mandamus should not be issued. We do find that as a matter of law these orders are void, and the relief sought shall be granted.

The pertinent facts are substantially the same as they relate to the cases of Hall and Norvell. On June 22, 1979, Hall was convicted in the United States District Court for the Northern District of Texas in Cause No. Cr. 4–79–4 for the offense of "conspiracy to violate 18 United States Code, Sec. 201(b) and to defraud the United States;" the sentence was imprisonment for three years. Hall was ordered to report to the United States Marshall in Fort Worth on Monday, July 16, 1979, at 2:00 p. m. to commence serving his sentence. He did report and commence to serve his sentence in the Federal Correctional Institution on July 16, 1979. On August 27, 1979, Hall was sentenced in Criminal District Court No. 4 of Tarrant County for the offenses of promotion of gambling and of bribery; the punishment assessed in each case was imprisonment in the Texas Department of Corrections for three years. The court ordered that the sentences be served concurrently with the sentence in Cause No. Cr. 4–79–4 in the United States District Court. He was given credit on his sentence from July 16, 1979.

On July 20, 1979, Norvell was convicted in the United States District Court for the Northern District of Texas in Cause No. Cr. 4–79–5 for the offense of "conspiracy to bribe a public official in violation of 18 United States Code, Sec. 371;" the sentence was imprisonment for three years. Norvell was ordered to report to the United States Marshall in Fort Worth on Monday, August 13, 1979, at 2:00 p. m. to commence serving his sentence. He did report and commence to serve his sentence in the Federal Correctional Institution on August 13, 1979. On August 27, 1979, Norvell was sentenced in Criminal District Court No. 4 of Tarrant County for the offenses of promotion of gambling and of bribery; the punishment assessed in each case was imprisonment in the Texas Department of Corrections for three years. The court ordered that the sentences be served concurrently with the sentence in Cause No. Cr. 4–79–5 in the United States District Court. He was given credit on his sentence from August 13, 1979.

On December 5, 1979, the Respondent issued orders suspending the sentences of Hall and on December 21, 1979, the Respondent issued orders suspending the sentences of Norvell. Both Hall and Norvell were placed on probation for three years.

On December 20, 1979, the State filed a motion urging that Hall and Norvell were not eligible for probation under the provisions of Art. 42.12, Sec. 3, V.A.C.C.P. A brief hearing was held on December 21, 1979, and the Respondent stated he would hear the State's "Motion to Reconsider" on January 18, 1980. On January 9, 1980, the State filed motions moving the Respondent to set aside his orders of December 5, 1979, and December 21, 1979, placing Hall and Norvell on probation. On January 18 the Respondent dismissed and would not hear the State's motions requesting that he set aside his orders granting Hall and Norvell probation.

The only authority on which the Respondent could act to grant Hall and Norvell probation on December 21, 1979, was Art. 42.12, Sec. 3e(a), V.A.C.C.P., which provides:

"(a) For the purposes of this section, the jurisdiction of the courts in this state in which a sentence requiring confinement in the Texas Department of Corrections is imposed for conviction of a felony shall continue for 120 days from the date of the execution of the sentence actually begins. After the expiration of 60 days

but prior to the expiration of 120 days from the date the execution of the sentence actually begins, the judge of the court that imposed such sentence may, on his own motion or on written motion of the defendant, suspend further execution of the sentence imposed and place the defendant on probation under the terms and conditions of this article, if such sentence is otherwise eligible for probation under this article and prior to the execution of such sentence, the defendant had never been incarcerated in a penitentiary serving a sentence for a felony and in the opinion of the judge the defendant would not benefit from further incarceration in a penitentiary. Probation may be granted under this section only if the offense for which the defendant was sentenced was an offense other than criminal homicide, rape, or robbery."

■ If the jail time credit given Hall and Norvell were to be considered to determine when ". . . the execution of [their] sentence[s] actually [began] . . ." the court's action in granting probation was not ". . . prior to the expiration of 120 days . . ." and the court had no jurisdiction to grant probation under the provisions of Art. 42.12, Sec. 3e(a), V.A.C.C.P. Cf. *Houlihan v. State*, 579 S.W.2d 213 (Tex. Cr.App.1979). Although it is not necessary to our holding here, it would appear that jail time credit prior to sentencing should not be considered because in many cases this would be more than 120 days and would prevent the use of "shock probation" under the provisions of Art. 42.12, Sec. 3e(a), V.A.C.C.P. If ". . . the execution of [their] sentence[s] actually [began] . . ." on August 27, 1979, when sentence was imposed both Hall and Norvell had been incarcerated in a penitentiary and were serving sentences for a felony prior to the beginning of the execution of their sentences in the State proceedings.

The Relator argues that since Hall and Norvell were already serving their sentences for convictions in the United States District Court when they were convicted in State Court on August 27, 1979, they were not eligible for probation under the provisions of Art. 42.12, Sec. 3e, V.A.C.C.P.

The Relator is correct; however, the Respondent has advanced a clever argument. The Respondent summarizes his position as follows:

"The judgments entered by Respondent, granting probation to defendants Carroll Hall and Charles Norvell, became final on January 5, 1980, the date the term of Court in which the sentences were executed ended.

"This Court cannot issue a writ of mandamus vacating the judgments entered by Respondent unless it is shown conclusively that these judgments are void as a matter of law. Since there is no statutory requirement that a post-trial evidentiary hearing be held on a probation application under Article 42.12, Section 3e(a), Texas Code of Criminal Procedure, the trial court must be aware of the full range of punishment alternatives prior to sentencing. It must determine a defendant's eligibility for probation at the time of the execution of the sentence. A writ of mandamus must be predicated upon the record as it existed on the date of sentencing. There is nothing before this Court to indicate that there was evidence presented to the trial court indicating that either defendant had been in a penitentiary prior to the execution of the sentences. Thus, they were both eligible for probation consideration.

"Since the relief sought is not in the nature of a mere ministerial act by the Respondent, a writ of mandamus should not be granted compelling Respondent to vacate his orders."

The Respondent also argues:

". . . the trial judge must be able to look at the record as it exists *at the date of sentencing* so he can be cognizant of his options in assessing punishment. At that time the judge can assess a punishment of jail time, probation, or he may determine that it would be in the best interest of the defendant to allow him to go to the penitentiary for a period of 60-120 days, during which time the judge may grant probation. If there is no evidence in the trial court's record to the

effect that the defendant is ineligible for probation, the trial court retains jurisdiction for 120 days from the date of execution of sentence and within this period of time it may grant probation, pursuant to Article 42.12, 3e(a) Texas Code of Criminal Procedure. Logically, the State must develop any defenses to this probation eligibility at the time of trial and before pronouncement of sentence."

We hold that the State is under no duty to "develop any defenses to this probation eligibility at the time of trial and before pronouncement of sentence."

Hall and Norvell were not eligible for probation under Art. 42.12, Sec. 3e(a) and the Respondent did not have the authority to grant them probation under the provisions of that law, since prior to the beginning of their sentences in the State proceedings they had been incarcerated in a penitentiary serving a sentence for a felony. Whether the Respondent knew that Hall and Norvell had been or were in a penitentiary serving felony sentences is immaterial; whether or not the Respondent had that information does not change the law. The Respondent's orders granting probation to Hall and Norvell under the provisions of Art. 42.12, Sec. 3e(a) are void and are ordered set aside.

It is so ordered.