**Leon Melton ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65447.**

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 28, 1981.

Joe B. Goodwin, Beaumont, for appellant.

James S. McGrath, Dist. Atty. and John R. DeWitt, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

The appellant pleaded guilty to a charge of involuntary manslaughter. The court sentenced him to 5 years' confinement.

The record in this appeal was approved on April 15, 1980. The appellant's brief was filed on July 11, 1980, or 57 days after expiration of the time allowed by V.A.C.C.P. Article 40.09(9). Strictly speaking, the ground set forth in that brief is not properly before us. Yet, if we summarily affirmed the judgment, there would remain in this case a problem which could be raised by a post-conviction writ of habeas corpus, which would cause the further expenditure of the judicial resources of the convicting court and this court. We are permitted by V.A.C.C.P. Article 40.09(13) to review error "in the interest of justice." It is in the interest of the system of justice to review this problem now, without further litigation.

The problem is that the trial court, acting without jurisdiction, granted "shock probation" to the appellant, who now wants credit against his sentence for the time he spent on probation. We hold that he is not entitled to it.

The appellant was sentenced on March 27, 1978, and he went to the Department of Corrections on the same day.[1] Therefore, "the execution of the sentence actually beg[an]"[2] no later than that day. *State ex rel. Curry v. Gray*, 599 S.W.2d 630, 632 (Tex.Cr.App.1980); *Houlihan v. State*, 579 S.W.2d 213, 217 n. 4 (Tex.Cr.App.1979). Thereafter the appellant applied for "shock probation." The court granted "shock probation" on August 7, 1978, or 133 days after the execution of the sentence actually began. This it was without jurisdiction to do, for V.A.C.C.P. Article 42.12, Section 3e continues the jurisdiction of the trial court to grant "shock probation" for only 120 days after the execution of the sentence actually begins. *Houlihan v. State*, 579 S.W.2d 213, 219 (Tex.Cr.App.1979).

■ Although the parties do not mention it, another flaw in the court's granting of "shock probation" to this appellant is that

---

**1.** The record is not as clear as it might be. The appellant made no designation specifying matter for inclusion in the record. Some confusion is created by the inclusion of 6 different judgments and 4 different sentences in this record.

**2.** V.A.C.C.P. Art. 42.12, Sec. 3e(a).

he was not eligible for it. "Probation may be granted under this section only if the offense for which the defendant was sentenced was an offense other than criminal homicide . . . ." V.A.C.C.P. Article 42.12, Section 3e. Involuntary manslaughter being criminal homicide, V.T.C.A. Penal Code Section 19.01(b), defendants sentenced for involuntary manslaughter may not receive "shock probation," and orders that purport to grant it are void. *State ex rel. Vance v. Hatten,* 600 S.W.2d 828 (Tex.Cr.App.1980).

It appears that the appellant was released on probation under the void order of August 7, and that he remained free from confinement for a period of time. (The record does not make clear when the appellant was confined again "in said [i. e., this] cause," as that term is used in V.A.C.C.P. Article 42.03, Section 2.) On July 9, 1979, the trial court revoked probation and imposed sentence.

The appellant claims that he is entitled to "flat time" credit for the time he was released on probation. He makes analogy to the cases in which inmates were released from prison erroneously, through no fault of their own. See, e. g., *Ex parte Tarlton,* 582 S.W.2d 155 (Tex.Cr.App.1979); *Ex parte Downey,* 471 S.W.2d 576 (Tex.Cr. App.1971). Those prisoners were not released at their request. The closer analogy is to *Ex parte Massie,* 161 Tex.Crim. 568, 278 S.W.2d 851 (1955). Massie applied for probation, but he was sentenced to 5 years' confinement. After the judgment was affirmed by this court, the trial court placed Massie on probation, which it had no authority to do. Massie claimed that he was entitled to credit for the time he was on probation. This court disagreed, saying that the void order was due, at least in part, to Massie's own actions.

"Relator applied for probation when he pleaded guilty. He will not now be heard to say that by no conduct on his part did he escape confinement during the period he was at large under the void order." 278 S.W.2d at 853. This was an application of the rule of *Ex parte Moneyhun,* 161 Tex.Crim. 19, 274 S.W.2d 546, 547 (1955):

"When appellant's attorney requested his release he became the moving factor and cannot now take advantage of a void order [of conditional release] on the part of the County Judge." *Accord, Ex parte Williams,* 164 Tex.Crim. 568, 301 S.W.2d 84 (1957). The appellant is not entitled to credit for the time he spent on the "shock probation" which he had requested; he is entitled only to credit for the time he actually was incarcerated.

The judgment is affirmed.