**Ex Parte Mark Laurence BUSBY, Applicant.**

No. 73,797.

Court of Criminal Appeals of Texas, En Banc.

March 7, 2001.

---

Mark Laurence Busby, pro se.

Michael L. Fostel, DA, Kermit, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

PRICE, J., delivered the opinion of the court in which MEYERS, HOLLAND, JOHNSON, KEASLER, and HOLCOMB, JJ., joined.

In this application for a writ of habeas corpus, we must determine to what relief an applicant is entitled when a proper application for shock probation is made, but the trial court grants the motion after it loses jurisdiction to order shock probation. We hold that such an applicant is entitled to receive time credit for the period of erroneous release.

## FACTS

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of theft, and punishment was assessed at ten years imprisonment. No appeal was taken from this conviction.

Applicant contends the trial court did not have the jurisdiction to release him to shock probation and, therefore, he is entitled to credit for the time he spent released prior to the revocation of that probation. Specifically, Applicant requests credit for the period from August 16, 1988, until August, of 1992.[1] Applicant was convicted on January 14, 1988. On March 18, 1988, 64 days later, Applicant filed a motion for shock probation. On August 16, 1988, more than 180 days after the execution of the sentence, the trial court signed the order granting Applicant's motion for shock probation.[2] Applicant's probation was subsequently revoked.

## DISCUSSION

At the time Applicant committed the instant offense, Article 42.12, § 3e(a), V.A.C.C.P., stated, in pertinent part:

> For the purposes of this section, the jurisdiction of a court in which a sentence requiring confinement in the Texas Department of Corrections is imposed for conviction (of a felony) shall continue for 180 days from the date the

---

1. Applicant's probation was revoked on September 10, 1992, and he was granted 306 days time credit. Therefore, his actual claim would be for time credit for the period from August 16, 1988, until November 9, 1991.

2. An amended order was signed on August 30, 1988.

execution of the sentence actually begins. After the expiration of 60 days but prior to the expiration of 180 days from the date the execution of the sentence actually begins, the judge of the court that imposed such sentence may on his own motion or on written motion of the defendant, suspend further execution of the sentence imposed and place the defendant on probation under the terms and conditions of this article, if in the opinion of the judge the defendant would not benefit from further incarceration in the penitentiary. . . .

■ The trial court granted Applicant's request for shock probation after the expiration of 180 days from the execution of the sentence. The trial court was therefore without jurisdiction to grant Applicant's request for shock probation and Applicant's release was erroneous.

The seminal decision rendered by this Court regarding erroneous release to shock probation is *Stasey v. State*, 683 S.W.2d 705 (Tex.Crim.App.1985). In *Stasey*, a defendant had filed a motion for shock probation 43 days after his sentence began, but specifically requested that no hearing be held until after the sixtieth day. *See Stasey*, 683 S.W.2d at 706. The trial court nevertheless granted shock probation early before the expiration of sixty days after sentencing. *See id.* We held that because the trial court granted the motion before jurisdiction attached, the defendant was entitled to credit for the time spent on shock probation prior to his becoming eligible, but he was not entitled to credit for time spent on shock probation after he was eligible since his motion requested release the day jurisdiction attached. *See Stasey*, 683 S.W.2d at 708.

The rationale for granting relief in *Stasey* was that a defendant should not be penalized if the relief he requests is proper, and only through the improper actions of the trial court does the order become void. *See id.* at 708. This rationale expressly rejected the previously employed "moving factor" analysis which would have denied the defendant any time credit for an erroneous release to shock probation.[3] *See id.*

However, while *Stasey* does give some guidance in this case, it is not dispositive. The actual holding in *Stasey* does not provide firm guidance in a case such as this when a defendant properly makes his request *after* jurisdiction has attached and the trial court grants probation *after* jurisdiction has expired. Unlike in *Stasey*, the trial court's jurisdiction will not attach at a future date. Therefore, we will look to the analogous situation in which an offender has been erroneously released to parole from the Institutional Division.

This Court has previously held that when an appellant has been released erroneously prior to full service of sentence or actual attainment of parole eligibility, and the release is through no fault of the applicant, he is entitled to time credit on his sentence for the length of time spent in release status. *See Ex parte Morris*, 626 S.W.2d 754 (Tex.Crim.App.1982); *Ex parte Pizzalota*, 610 S.W.2d 486 (Tex.Crim.App. 1980); *Ex parte Esquivel*, 531 S.W.2d 339 (Tex.Crim.App.1976); *cf. Ex parte Kuester*, 21 S.W.3d 264, 271–72 (Tex.Crim.App. 2000) (finding defendant was not erroneously released and therefore not entitled to time credit for time on parole).

■ These holdings are also consistent with the broad language used in *Stasey*. We stated that a defendant, "who is statu-

---

3. The premise was that, if a defendant was a "moving factor" in his erroneous release he would not be entitled to credit for time spent on release.

torily eligible for shock probation, requests that the trial court consider his motion within the statutorily defined time limits, and the trial court unilaterally, but erroneously, grants the probation, the defendant is entitled to credit...." *Stasey,* 683 S.W.2d at 708. We hold that when a defendant makes a proper and timely request for shock probation, but the trial court's order is made after it has lost jurisdiction and is therefore void, the defendant will be entitled to time credit for the time spent in release status due to the erroneous order. *See Stasey,* 683 S.W.2d at 708; *Morris,* 626 S.W.2d at 755; *Esquivel,* 531 S.W.2d at 341.

Nothing in the record reflects that Applicant was responsible for his erroneous release. Applicant timely requested release to shock probation. His untimely release was not through any fault of his own, but because of the improper actions of the trial court after a request was properly made. When an applicant makes a proper and timely request for shock probation, but the trial court's order is untimely and therefore void, the Applicant should not be penalized for asserting his statutory rights.

Relief is granted. The officials at the Texas Department of Criminal Justice, Institutional Division are hereby ordered to amend Applicant's records in Cause Number 792 in the 109th Judicial District Court of Crane County to reflect additional time credit to cover the period from August 16, 1988, until November 9, 1991.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions.

MEYERS, J., filed a concurring note.

WOMACK, J., filed a dissenting opinion, in which KELLER, P.J., and HERVEY, J., joined.

MEYERS, J., concurs with note.

I join the opinion of the Court, but would take the additional step of overruling *Stasey v. State,* 683 S.W.2d 705 (Tex. Crim.App.1985). While I agree with the Court that *Stasey* contains broad language consistent with precedent, our ultimate holding there is inconsistent with our decisions in the parole context and with the rationale of *Stasey* itself. In my view, the result reached in Presiding Judge Onion's dissent in *Stasey* is more consistent with *Stasey's* rationale and the analogous parole settings. Presiding Judge Onion would have held applicant was "entitled to credit for the time he was at liberty on probation." *Stasey,* 683 S.W.2d at 711 (Onion, P.J., dissenting). I would go further than the Court today and overrule *Stasey.*

WOMACK, J., filed a dissenting opinion, in which KELLER, P.J., and HERVEY, J., joined.

The applicant wants credit against his sentence for a period of time in which he was released from prison by a grant of probation that the trial court had no jurisdiction to give. This issue first came before the Court in 1981. We held that such a defendant was not entitled to a credit.

The appellant was sentenced on March 27, 1978, and he went to the Department of Corrections on the same day. Therefore, "the execution of the sentence actually beg(an)" no later than that day. Thereafter the appellant applied for "shock probation." The court granted "shock probation" on August 7, 1978, or 133 days after the execution of the sentence actually began. This it was without jurisdiction to do, for V.A.C.C.P. Article 42.12, Section 3e continue[d] the jurisdiction of the trial court to grant "shock probation" for only 120 days af-

ter the execution of the sentence actually begins. ...

The appellant claims that he is entitled to "flat time" credit for the time he was released on probation. He makes analogy to the cases in which inmates were released from prison erroneously, through no fault of their own. Those prisoners were not released at their request. The closer analogy is to *Ex parte Massie*, 161 Tex.Crim. 568, 278 S.W.2d 851 (1955). Massie applied for probation, but he was sentenced to 5 years' confinement. After the judgment was affirmed by this court, the trial court placed Massie on probation, which it had no authority to do. Massie claimed that he was entitled to credit for the time he was on probation. This court disagreed, saying that the void order was due, at least in part, to Massie's own actions.

> Relator applied for probation when he pleaded guilty. He will not now be heard to say that by no conduct on his part did he escape confinement during the period he was at large under the void order.

278 S.W.2d at 853. This was an application of the rule of *Ex parte Moneyhun*, 161 Tex.Crim. 19, 274 S.W.2d 546, 547 (1955): "When appellant's attorney requested his release he became the moving factor and cannot now take advantage of a void order (of conditional release) on the part of the County Judge." Accord, *Ex parte Williams*, 164 Tex.Crim. 568, 301 S.W.2d 84 (1957). The appellant is not entitled to credit for the time he spent on the "shock probation" which he had requested; he is entitled only to credit for the time he actually was incarcerated.[1]

In 1985, a divided court declined to follow our 1981 decision for the following reason: "We believe that the foregoing rules penalize a defendant for asserting his statutory right to probation. A defendant should not be penalized if the relief he requests is proper and only through the improper actions of the trial court does the order become void."[2] Today the Court accepts this reason, saying, "When an applicant makes a proper and timely request for shock probation, but the trial court's order is untimely and therefore void, the applicant should not be penalized for asserting his statutory rights."[3]

The principle that a person should not be penalized for asserting a right is, no doubt, a good one. But it has nothing to do with this case, since the applicant's assertion of a right led to a benefit, not a penalty.

The first question is, what right did the applicant assert? The Court was obviously wrong in 1985 when it said that denying a time credit to the defendant would "penalize a defendant for asserting his statutory right to probation,"[4] since there is no statutory right to probation, and with particular relevance to today's case, there is no statutory right to release on shock probation. There is not even a statutory right to a hearing of a request for shock probation.[5] Today the Court avoids the mistake it made in 1985 by failing to specify any right; it says only that if we deny the time credit the applicant will "be penalized for

**1.** *Adams v. State*, 610 S.W.2d 780, 781–82 (Tex.Cr.App.1981) (citations and footnotes omitted); *accord Tamez v. State*, 620 S.W.2d 586, 589 (Tex.Cr.App.1981).

**2.** *Stasey v. State*, 683 S.W.2d 705, 708 (Tex. Cr.App.1985).

**3.** *Ante* at 174.

**4.** *Stasey*, 683 S.W.2d at 708.

**5.** *See* TEX CODE CRIM.PROC. art.42.12, § 6(c).

asserting his statutory rights."[6] The only possible right is the right to request shock probation.

Now what was the penalty for requesting shock probation? The request was granted and the applicant was released on shock probation. Surely this was not a penalty. If the applicant thought it was a penalty, he would not have asked for it. He did not complain about this "penalty" when he was released or at any time during the period of his release on probation from August 30, 1988 to September 10, 1992. During this time, the record shows, he was convicted of public intoxication and driving while intoxicated. He smoked marihuana, used cocaine, was fired from one job for stealing the same kind of property that he was convicted of stealing in this case, and was fired from another job for refusing to work. He was not suffering a penalty.

He *was* penalized by being put back in prison when his unauthorized probation was revoked. But that penalty was not a result of his requesting probation; it was a result of his violating the conditions of probation. This cannot be the penalty to which the Court refers, nor does the applicant complain of the revocation, for the very good reason that it is nothing more than the exact penalty that was assessed by the district court when the applicant pleaded guilty and agreed to the sentence.

The "penalty" of which the applicant complains is that he has not gotten credit against his sentence for a period of time when he was not serving the sentence. This is no penalty. In my view, giving a defendant credit against a sentence for time in which he was not serving the sentence is contrary to law and reason. A defendant may not get credit for the time during which the execution of the sentence was suspended.[7] The same is true for the time a prisoner was released on parole.[8]

The applicant claims that he should serve less time on his sentence, because he got a vacation from it, than a prisoner who has gotten no vacation will serve. What law justifies that result? By what reason could the denial of that result be deemed a penalty? If the Court has another penalty in mind, what is it?

The applicant would be penalized if the district court granted him another probation and did not give him credit on the *period of probation* for the time he was erroneously on probation, but that time should have no more effect on his *sentence* than any time on probation has on any sentence. If a defendant is sentenced to ten years in prison, probated for a period of five years, and the court revokes probation on the last day of the fifth year, the defendant's sentence is still ten years.

The idea that a prisoner should have his sentence decreased because he got an erroneous vacation from prison should be met with hearty laughter, not the acceptance the Court gives it today. I respectfully dissent.

---

6. *Ante* at 174.

7. "No part of the time that the defendant is on community supervision shall be considered as any part of the time that he shall be sentenced to serve." Tex Code Crim.Proc. art 42.12, § 23(b).

8. *Ex parte Adams*, 941 S.W.2d 136 (Tex.Cr. App.1997).