NO. 07-07-0214-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 29, 2008

_____


SHELBY MARK NEUGEBAUER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 9286-A; HONORABLE HAL MINER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, Shelby Mark Neugebauer, seeks to overturn the trial court's decision to revoke its previous order granting him shock probation. For the reasons expressed herein, we abate and remand this cause to the trial court for appointment of new counsel.

On May 14, 1997, Appellant was convicted of intoxication manslaughter and punishment was assessed by a jury at eight years confinement and a $10,000 fine. The execution of Appellant's sentence began immediately.[1] Appellant's conviction was affirmed by this Court on June 16, 1998, in Cause Number 07-97-0213-CR. The Mandate of this Court issued on December 30, 1998. On April 26, 1999, Appellant filed a motion with the trial court seeking to suspend further imposition of his sentence pursuant to article 42.12, § 6 of the Texas Code of Criminal Procedure, under the procedure commonly referred to as "shock probation." On June 1, 1999, the trial court heard Appellant's motion and ordered that his sentence, but not the fine, be suspended in favor of community supervision for ten years. In 2007, the State filed a motion to revoke Appellant's community supervision for three violations of the condition that he abstain from alcohol consumption and one violation of the requirement that he pay a supervision fee. Appellant entered a plea of not true to the allegations. Following presentation of testimony and evidence, the trial court revoked Appellant's community supervision and sentenced him to seven and one-half years confinement.

Appellant's original attorney on appeal filed an *Anders*[2] brief in support of a motion to withdraw. Having concluded that an arguable ground for appeal existed, on April 2,

---

[1]The Appellant was incarcerated on May 14, 1997. The Appellant remained confined in either the Randall County Jail or the Institutional Division of the Texas Department of Criminal Justice until he was released on bond pending appeal pursuant to Art. 44.04, Texas Code of Criminal Procedure. The date of release does not appear in the record before us.

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2008, this Court abated this appeal and remanded the case to the trial court for the appointment of new counsel. On May 21, 2008, Appellant's new counsel on appeal also filed an *Anders* brief in support of a motion to withdraw. The State did not respond to the original *Anders* brief, and the time for filing a response to the second *Anders* brief has not expired.

When faced with an *Anders* brief, an appellate court has a duty to conduct a full examination of the proceeding, and if its independent inquiry reveals a nonfrivolous or arguable ground for appeal, it must abate the proceeding and remand the case to the trial court so that new counsel can be appointed to brief the issues. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

As we pointed out in our opinion of April 2, 2008, as then in effect, for purposes of suspending further imposition of sentence and placing the defendant on shock probation, the jurisdiction of the trial court continues for 180 days from the date the "execution of the sentence actually *begins*." Tex. Code Crim. Proc. Ann. art. 42.12, § 6(a) (Vernon 2004) (emphasis added). Execution of sentence *begins* upon the defendant's incarceration. *Bailey v. State,* 160 S.W.3d 11, 14, fn.2 (Tex.Crim.App. 2004). Appellant was originally incarcerated on May 14, 1997; therefore, execution of Appellant's sentence began on May 14, 1997. The trial court's grant of shock probation on June 1, 1999, clearly more than 180 days after execution of Appellant's sentence actually *began*, was arguably done at a time

3

when the trial court was without jurisdiction to enter that order. *See State v. McDonald,* 642 S.W.2d 492, 493 (Tex.Crim.App. 1982); *State v. Hatten,* 508 S.W.2d 625, 628 (Tex.Crim.App. 1974). A trial court order granting shock probation after it has lost jurisdiction is void. *Ex Parte Busby,* 67 S.W.3d 171 (Tex.Crim.App. 2001) (overruled on other grounds, *Ex Parte Hale,* 117 S.W.3d 866 (Tex.Crim.App. 2003)).

Appellant's new appellate counsel opines that the trial court did have jurisdiction because Appellant was not incarcerated for more than 180 days prior to the suspension of sentence, the Appellant having been released on bond pending Appellant's original appeal on the merits of his conviction. Appellant's new appellate counsel, however, ignores the potential argument that if the jurisdiction of the trial court ended "180 days from the date the execution of the sentence actually *begins",* then the trial court's jurisdiction ended on November 10, 1997, more than 18 months prior to entry of the June 1, 1999, *Order Suspending Imposition of Sentence*; that if the trial court jurisdiction ended prior to entry of the order granting shock probation, then the order was void; and that if the order granting shock probation was void, then any order purporting to revoke that probation would be void. We conclude that issue warrants briefing.

Therefore, having concluded that an arguable ground for appeal still exists, we grant Appellant's counsel's motion to withdraw, abate this proceeding, and again remand this cause to the trial court for the appointment of new counsel. *See Bledsoe,* 178 S.W.3d at 827; *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We direct the trial

4

court to appoint new counsel to represent Appellant on appeal by June 30, 2008. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel to the clerk of this Court immediately after the appointment of counsel is ordered. Finally, the trial court shall cause its order appointing counsel to be included in a supplemental clerk's record which shall be filed with the Clerk of this Court by July 14, 2008. Appellant's brief shall be due forty-five days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

It is so ordered.

Per Curiam

Do not publish.