**Opinion filed July 3, 2014**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-13-00195-CR & 11-13-00196-CR

_____

## THE STATE OF TEXAS, Appellant

## V.

## FRANCISCO NATIVIDAD, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause Nos. CR40207 & CR40213**

### M E M O R A N D U M   O P I N I O N

In each cause, the State appeals from a judgment of conviction in which the trial court suspended Appellee Francisco Natividad's sentences and granted "shock probation."  Our jurisdiction arises from the State's right to appeal an order that "arrests or modifies a judgment."  TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(2) (West Supp. 2013).  We vacate and remand.

Natividad was indicted, as relevant to this appeal, in cause number CR40207 for the third-degree felony offense of evading arrest and detention in a motor vehicle and in cause number CR40213 for the second-degree felony offense of burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011), § 38.04(b)(2) (West Supp. 2013). Pursuant to plea agreements, Natividad waived his right to a jury trial and pleaded guilty. On October 18, 2012, the trial court found Natividad guilty of both offenses and, in accordance with the plea agreements, assessed punishment at confinement for ten years for each offense.

The terms of each plea agreement required the trial court to consider, "before the expiration of 180 days from the date that sentence was pronounced," whether to modify the sentence of confinement and grant shock probation. After the hearing, the trial court directed the court clerk to send notice to the court's secretary in which it ordered "that the case be set on the docket of the 142nd District Court sometime between 130 and 150 days from the date that sentence was pronounced against the defendant to consider suspending further execution of sentence." On March 29, 2013, Natividad's trial counsel sent a letter to the court and asked the trial court to schedule a hearing to consider shock probation. The trial court did not hold the hearing, however, until May 31, 2013.

At the hearing, the State complained that the trial court lacked jurisdiction to modify the sentences because Natividad had been incarcerated for more than 180 days. The trial judge told the parties that the court had operated without a court coordinator for several months, that the hearing was never placed on the court's calendar, and that the case came to his attention while "cleaning up some old papers" in his office. The court explained that each plea agreement was "a tri-party agreement between the State, the Defendant, and the Court" and told Natividad that he took a risk when he entered into the agreements because he was not guaranteed shock probation. The trial court then said, "The risk that you did

2

not take [was] that this Court would fail to honor its end of the agreement and bring you back within the appropriate time. . . . And so, Mr. Natividad, this Court is going to live up to its agreement." The trial court recognized that it no longer had jurisdiction to grant community supervision but opined that "the fallacy of this Court to act timely should not prejudice you." The trial court reasoned that it had a duty to uphold justice and that "justice in this particular instance is the Court living up to its bargain with you when you took the plea."

Natividad testified that he was seventeen years old when he began serving his sentence, that he was now eighteen years old, and that he had matured while in prison. Natividad told the trial court that he did not want to return to prison, promised to change his friends, and said that he would get an education. Based on this testimony, the trial court suspended execution of the sentence and ordered that Natividad be placed on community supervision for ten years for each offense. It is from the judgments of conviction suspending further execution of sentence that the State appeals. The State appeals the judgment in trial court cause number CR40207 in our Cause No. 11-13-00195-CR, and it appeals the judgment in trial court cause number CR40213 in our Cause No. 11-13-00196-CR.

The State's sole issue on appeal in each case is whether the trial court had subject-matter jurisdiction to modify the sentence. Specifically, the State argues that the judgment suspending further execution of the sentence in each case is void because the trial court modified Natividad's sentences after its plenary power had expired.

After the trial court imposes a sentence in open court and adjourns for the day, it loses plenary power to modify the sentence unless, within thirty days, the defendant files a motion for new trial or a motion in arrest of judgment. TEX. R. APP. P. 21.4, 22.3; *State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005). The Texas constitution allows trial courts to suspend the "execution of

3

sentence and to place the defendant on probation and to reimpose such sentence, under such conditions as the Legislature may prescribe." TEX. CONST. art. IV, § 11A.

The legislature has extended a trial court's jurisdiction to modify a sentence and grant community supervision or "shock" probation in certain cases and under certain circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 (West Supp. 2013). After the trial court imposes a sentence and begins execution of the sentence, it may, within 180 days, suspend further execution of the sentence and place the defendant on community supervision. *Id.* art. 42.12, § 6(a). Execution of a sentence begins when "the defendant is actually incarcerated." *Bailey v. State*, 160 S.W.3d 11, 14 n.2 (Tex. Crim. App. 2004). After 180 days, however, the trial court loses plenary power and may no longer invoke its jurisdiction over the case. *State ex rel. Bryan v. McDonald*, 642 S.W.2d 492, 493 (Tex. Crim. App. 1982). When a trial court orders shock probation after it loses jurisdiction, the order is void. *Id.*; *see also Ex parte Busby*, 67 S.W.3d 171, 173 (Tex. Crim. App. 2001), *overruled on other grounds by Ex parte Hale*, 117 S.W.3d 866 (Tex. Crim. App. 2003).

The trial court found Natividad guilty and imposed the sentences on October 18, 2012. That same day, the trial court issued a commitment order in which it ordered that Natividad be remanded to the custody of the sheriff of Midland County and further ordered the sheriff to deliver Natividad "to the Institutional Division of the Texas Department of Criminal Justice there to be confined for the period specified." Natividad testified that he was in the sheriff's custody in October and that he arrived at the Middleton Unit of the TDCJ on November 18, 2012. On May 31, 2013, 225 days after being committed to the sheriff's custody and 194 days after arriving at the Middleton Unit, the trial court entered its "JUDGMENT OF CONVICTION SUSPENDING FURTHER

4

EXECUTION OF SENTENCE AND PLACING THE DEFENDANT ON REGULAR COMMUNITY SUPERVISION" for each offense.

Natividad argues that the State failed to establish when Natividad began serving the sentences and notes that the State did not introduce Natividad's incarceration records. The record shows, however, that the trial court entered a commitment order on October 18, 2012, and that Natividad was delivered to TDCJ on November 18, 2012. Regardless of which of these two dates "the sentence actually began," the trial court had already lost its plenary power when it ordered shock probation on May 31, 2013. We agree with the State that the trial court rendered the May 31, 2013 judgments more than 180 days after the execution of Natividad's sentences.

Natividad also argues that the trial court was required to consider shock probation as a term of the plea agreements. In the plea agreements, the parties agreed "[t]hat before the expiration of 180 days from the date that sentence was pronounced against the defendant, the Court will consider suspending further execution of the sentence and placing the defendant on community supervision." In addition, the records contain a notice to the court's secretary to calendar the cases on the trial court's docket to consider shock probation. Natividad contends that, because the trial court accepted the plea agreement in each case and because it intended to consider shock probation before the expiration of 180 days, the trial court "correctly decided to enforce the plea agreement[] and placed Natividad on probation per his constitutional discretion to grant probation." The State argues that a trial court cannot "suspend execution of a sentence due to its calendar error once jurisdiction is lost." We agree and note that whether the failure to consider shock probation before the expiration of 180 days was error is not an issue before us. *See Ex parte Rogers*, 629 S.W.2d 741 (Tex. Crim. App. 1982) (postconviction habeas corpus case addressing voluntariness of plea under similar circumstances).

5

Although the trial court's position in reference to the agreement is commendable, it was without jurisdiction to enter the May 31, 2013 judgments. *See McDonald*, 642 S.W.2d at 493 ("Any action taken by the trial court, after the 180th day[,] is void because the court is acting without jurisdiction."). Therefore, the trial court's judgment suspending execution of the sentence and granting shock probation in both cases is void. *See id.* The State's sole issue in both cases is sustained.

We vacate the trial court's May 31, 2013 judgment of conviction suspending further execution of sentence in each case, reinstate the original judgments and sentences, and remand the causes to the trial court with instructions to issue the necessary process to ensure Natividad's return to custody.

JIM R. WRIGHT
CHIEF JUSTICE

July 3, 2014

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6