**Reversed and Remanded and Opinion filed March 30, 2021.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-20-00388-CR**
**NO. 14-20-00389-CR**

---

**THE STATE OF TEXAS, Appellant**

**V.**

**AARON JAMES TEMPLE, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1557153, 1557664**

---

## O P I N I O N

The State of Texas appeals from orders suspending execution of appellee's prison sentences and placing him on community supervision. *See* Tex. Code Crim. Proc. art. 42A.202. Under article 42A.202(a), a trial court's jurisdiction to suspend execution of a sentence the defendant has begun serving expires 180 days after execution of the sentence actually begins. *Id.* In its first issue, the State contends the trial court lacked jurisdiction to suspend appellee's sentences and place him on

community supervision ("shock probation") because the trial court signed the order 202 days after appellee began serving his sentences. In its second issue, the State contends that the trial court erred by granting shock probation without permitting the State to present evidence, contrary to article 42A.202(e).

We agree with the State that the trial court lacked jurisdiction to place appellee on shock probation because the court granted that relief more than 180 days after appellee began serving his sentences. Therefore, we vacate the trial court's orders, reinstate the judgments of conviction, and remand to the trial court to execute the sentences previously assessed. Due to our disposition, we need not address the State's second issue.

## Background

A grand jury indicted appellee for the felony offenses of possession with intent to deliver methamphetamine and cocaine. He pleaded guilty to both offenses, and the trial court deferred an adjudication of guilt and placed him on community supervision for nine years. The State moved to adjudicate appellee's guilt based on his failure to pay fees and his commission of a new offense, namely assault of a family member. After a hearing on the State's motions to adjudicate, the trial court found the assault allegation true and assessed punishment at ten years for the methamphetamine offense and five years for the cocaine offense. Both judgments are dated October 9, 2019, and appellee began serving his sentences on that date.

Appellee filed motions for shock probation on January 28, 2020, but the hearing on his motions was not held until April 28, 2020. On the day of the hearing, the trial court signed the orders at issue suspending execution of appellee's sentences and placing him on community supervision for eight years in each case.

The State timely appealed.  *See* Tex. Code Crim. Proc. art. 44.01(a)(2) (permitting State's appeal from a trial court's order modifying its judgment); *State v. Robinson*, 498 S.W.3d 914, 918-19 (Tex. Crim. App. 2016) ("We hold that the State may appeal an order that modifies a judgment by imposing shock probation.").

**Analysis**

Jurisdiction refers to the power of a court to hear a controversy and make decisions that are legally binding on all the parties involved.  *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009).  A trial court's jurisdiction over a criminal case consists of the court's power over the subject matter of the case, which is conveyed by statute or constitutional provision, as well as personal jurisdiction over the accused, which is invoked in felony prosecutions by the filing of an indictment or information.  *Id.*  When community supervision is not imposed, no motion for new trial or in arrest of judgment is filed, and no appeal is taken, the trial court's jurisdiction over a defendant terminates thirty days after sentencing.  *Id.*  Beyond that thirty-day period, another source of jurisdiction must exist to authorize any trial court orders.  *Id.*

Texas courts have the power to suspend sentences, but only under "such conditions as the Legislature may provide."  Tex. Const. art. IV, § 11A.  As relevant here, the Legislature has granted trial courts extended jurisdiction to suspend sentences and place a defendant on community supervision.  *See* Tex. Code Crim. Proc. arts. 42A.201-.204.  After a defendant is sentenced to a term of confinement in the Texas Department of Criminal Justice for any felony other than a state jail felony, the convicting court retains limited jurisdiction for 180 days after the defendant begins serving his sentence.[1]  Tex. Code Crim. Proc. art. 42A.202(a).

---

[1] Execution of sentence begins upon the defendant's incarceration.  *Robinson*, 498 S.W.3d at 919.

3

During that 180-day period, the judge of the convicting court, on the court's own motion or a motion from the parties, may suspend the remaining portion of the sentence and place on community supervision any defendant who has not previously been convicted of a felony and is otherwise eligible for community supervision. *Id.* art. 42A.202(b).

The 180-day limit on a trial court's jurisdiction to grant shock probation is just that—a jurisdictional limit—and it is strictly enforced. *E.g.*, *Robinson*, 498 S.W.3d at 919 ("Because the trial court's decision to grant shock probation continues for only 180 days from the date the execution of the sentence actually begins, any action taken by the trial court after the 180th day is void and subject to mandamus."); *State ex rel. Bryan v. McDonald*, 642 S.W.2d 492, 493 (Tex. Crim. App. 1982) (granting mandamus relief and ordering trial court to vacate order placing defendant on shock probation issued 185 days after defendant began serving sentence; explaining that "[a]ny action taken by the trial court[] after the 180th day is void because the court is acting without jurisdiction"); *see also Ex parte Busby*, 67 S.W.3d 171, 174 (Tex. Crim. App. 2001) (even if defendant makes proper and timely request for shock probation, order signed after court loses jurisdiction is void), *overruled on other grounds by Ex parte Hale*, 117 S.W.3d 866, 872 (Tex. Crim. App. 2003).

Here, appellee began serving his sentence on October 9, 2019. Thus, the court's 180-day jurisdiction to grant shock probation expired on April 6, 2020. The trial court granted appellee's motion for shock probation several weeks later, on April 28. At the hearing, the parties and the trial judge acknowledged that the hearing was occurring outside the 180-day period. However, appellee's counsel argued that "under the current pandemic rules and situations going on in the State of Texas the Court of Criminal Appeals has tolled any time limits in that regard."

4

At the time of the hearing, the First Emergency Order Regarding the COVID-19 State of Disaster, 596 S.W.3d 265 (Tex. 2020), was in effect. *See also* Tex. Gov't Code § 22.0035(b) (permitting supreme court to modify or suspend procedures for the conduct of any court proceeding affected by a disaster during the pendency of a disaster declared by the governor). Under that order, trial courts were permitted, subject to constitutional limitations, to "[m]odify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order." *See* First Emergency Order, 596 S.W.3d 265.

Jurisdiction, however, concerns a trial court's power to make legally binding decisions and is not merely a "procedural" concept. *See Dunbar*, 297 S.W.3d at 780. The Court of Criminal Appeals has recently discussed the limitations of the First Emergency Order's relevant language on which appellee relied in urging the trial court to grant shock probation after the expiration of 180 days:

> This language giving a court the power to modify or suspend "deadlines and procedures" presupposes a pre-existing power or authority over the case or the proceedings. A court may extend a deadline or alter a procedure that would otherwise be part of the court proceedings. *It does not suggest that a court can create jurisdiction for itself where jurisdiction would otherwise be absent* or that a judge could create authority to preside over proceedings over which the judge would otherwise be barred from presiding. . . .
>
> *If the Supreme Court's Emergency Order were really intended to permit trial courts to enlarge their own jurisdiction and to permit trial judges to enlarge the types of proceedings over which they have authority, we would expect a provision to explicitly say so.* It is true that part 3 proper says "subject only to constitutional provisions," but that is still not an explicit statement that courts and judges have the ability to enlarge their jurisdiction and authority over proceedings.

*In re State ex rel. Ogg*, No. WR-91,936-01, —S.W.3d—, 2021 WL 800761, at *3 (Tex. Crim. App. Mar. 3, 2021) (emphasis added). As the *Ogg* court construed the

dispositive text, the First Emergency Order does not allow a court to create jurisdiction for itself when jurisdiction would otherwise be absent.

Accordingly, we hold that the First Emergency Order does not by its terms extend a trial judge's authority to order shock probation beyond 180 days after a defendant begins serving a felony sentence. *See* Tex. Code Crim. Proc. art. 42A.202; *Bryan*, 642 S.W.2d at 493. A judge "cannot use the Emergency Order's authorization to modify or suspend procedures to confer that authority upon himself." *Ogg*, 2021 WL 800761, at *4. It is undisputed in today's case that the challenged order suspending the execution of appellee's sentence and placing him on community supervision was issued more than 180 days after he began serving his sentence. Therefore, the trial court signed the order after its jurisdiction expired.

Because the trial court lacked jurisdiction to suspend appellee's sentence and place him on community supervision, the orders at issue in these two appeals are void. *See Bryan*, 642 S.W.2d at 493. We sustain the State's first issue.[2]

## Conclusion

We vacate the trial court's April 28, 2020 orders suspending appellee's sentences and placing him on community supervision, reinstate the October 9, 2019 judgments of conviction in each cause, and remand to the trial court with instructions to execute the sentences previously assessed.

/s/ Kevin Jewell
Justice

Panel consists of Justices Jewell, Poissant, and Wilson.

Publish — Tex. R. App. P. 47.2.

---

[2] Our resolution of this issue renders the State's second issue moot. *See* Tex. R. App. P. 47.1.