NO. 07-07-0214-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 29, 2008



______________________________




SHELBY MARK NEUGEBAUER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 9286-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ. 

ABATEMENT AND REMAND


 Appellant, Shelby Mark Neugebauer, seeks to overturn the trial court's decision to
revoke its previous order granting him shock probation. For the reasons expressed herein,
we abate and remand this cause to the trial court for appointment of new counsel.

 On May 14, 1997, Appellant was convicted of intoxication manslaughter and
punishment was assessed by a jury at eight years confinement and a $10,000 fine. The
execution of Appellant's sentence began immediately. (1) Appellant's conviction was affirmed
by this Court on June 16, 1998, in Cause Number 07-97-0213-CR. The Mandate of this
Court issued on December 30, 1998. On April 26, 1999, Appellant filed a motion with the
trial court seeking to suspend further imposition of his sentence pursuant to article 42.12,
§ 6 of the Texas Code of Criminal Procedure, under the procedure commonly referred to
as "shock probation." On June 1, 1999, the trial court heard Appellant's motion and
ordered that his sentence, but not the fine, be suspended in favor of community
supervision for ten years. In 2007, the State filed a motion to revoke Appellant's
community supervision for three violations of the condition that he abstain from alcohol
consumption and one violation of the requirement that he pay a supervision fee. Appellant
entered a plea of not true to the allegations. Following presentation of testimony and
evidence, the trial court revoked Appellant's community supervision and sentenced him to
seven and one-half years confinement. 

 Appellant's original attorney on appeal filed an Anders (2) brief in support of a motion
to withdraw. Having concluded that an arguable ground for appeal existed, on April 2,
2008, this Court abated this appeal and remanded the case to the trial court for the
appointment of new counsel. On May 21, 2008, Appellant's new counsel on appeal also
filed an Anders brief in support of a motion to withdraw. The State did not respond to the
original Anders brief, and the time for filing a response to the second Anders brief has not
expired.

 When faced with an Anders brief, an appellate court has a duty to conduct a full
examination of the proceeding, and if its independent inquiry reveals a nonfrivolous or
arguable ground for appeal, it must abate the proceeding and remand the case to the trial
court so that new counsel can be appointed to brief the issues. See Penson v. Ohio, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005). 

 As we pointed out in our opinion of April 2, 2008, as then in effect, for purposes of
suspending further imposition of sentence and placing the defendant on shock probation,
the jurisdiction of the trial court continues for 180 days from the date the "execution of the
sentence actually begins." Tex. Code Crim. Proc. Ann. art. 42.12, § 6(a) (Vernon 2004)
(emphasis added). Execution of sentence begins upon the defendant's incarceration. 
Bailey v. State, 160 S.W.3d 11, 14, fn.2 (Tex.Crim.App. 2004). Appellant was originally
incarcerated on May 14, 1997; therefore, execution of Appellant's sentence began on May
14, 1997. The trial court's grant of shock probation on June 1, 1999, clearly more than 180
days after execution of Appellant's sentence actually began, was arguably done at a time
when the trial court was without jurisdiction to enter that order. See State v. McDonald,
642 S.W.2d 492, 493 (Tex.Crim.App. 1982); State v. Hatten, 508 S.W.2d 625, 628
(Tex.Crim.App. 1974). A trial court order granting shock probation after it has lost
jurisdiction is void. Ex Parte Busby, 67 S.W.3d 171 (Tex.Crim.App. 2001) (overruled on
other grounds, Ex Parte Hale, 117 S.W.3d 866 (Tex.Crim.App. 2003)). 

 Appellant's new appellate counsel opines that the trial court did have jurisdiction
because Appellant was not incarcerated for more than 180 days prior to the suspension
of sentence, the Appellant having been released on bond pending Appellant's original
appeal on the merits of his conviction. Appellant's new appellate counsel, however,
ignores the potential argument that if the jurisdiction of the trial court ended "180 days from
the date the execution of the sentence actually begins", then the trial court's jurisdiction
ended on November 10, 1997, more than 18 months prior to entry of the June 1, 1999,
Order Suspending Imposition of Sentence; that if the trial court jurisdiction ended prior to
entry of the order granting shock probation, then the order was void; and that if the order
granting shock probation was void, then any order purporting to revoke that probation
would be void. We conclude that issue warrants briefing.

 Therefore, having concluded that an arguable ground for appeal still exists, we grant
Appellant's counsel's motion to withdraw, abate this proceeding, and again remand this
cause to the trial court for the appointment of new counsel. See Bledsoe, 178 S.W.3d at
827; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We direct the trial
court to appoint new counsel to represent Appellant on appeal by June 30, 2008. The trial
court shall furnish the name, address, telephone number, and state bar number of new
counsel to the clerk of this Court immediately after the appointment of counsel is ordered. 
Finally, the trial court shall cause its order appointing counsel to be included in a
supplemental clerk's record which shall be filed with the Clerk of this Court by July 14,
2008. Appellant's brief shall be due forty-five days from the date of the trial court's
appointment of new counsel. All other appellate deadlines shall be in accordance with the
Texas Rules of Appellate Procedure.

 It is so ordered.

 Per Curiam

Do not publish.
1. The Appellant was incarcerated on May 14, 1997. The Appellant remained
confined in either the Randall County Jail or the Institutional Division of the Texas
Department of Criminal Justice until he was released on bond pending appeal pursuant to
Art. 44.04, Texas Code of Criminal Procedure. The date of release does not appear in the
record before us. 
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



d his
back before Hendricks entered the cell is not evidence that appellant kept his hands there
when Hendricks entered the cell and grabbed appellant's shirt to extricate appellant from
the cell. Hendricks' testimony was clear and unequivocal that he did not pepper spray
appellant until after he entered the cell and appellant struck him and knocked him back
into the cell door. The admitted discrepancy between Hendricks' written report and his trial
testimony as to whether appellant struck Hendricks with appellant's left fist or his right fist
does not contradict Hendricks' unimpeached testimony that he did not spray appellant until
after appellant hit him. 

 The evidence does not raise the issue of self-defense and appellant was not
entitled to an instruction on self-defense. Appellant does not assert that he was harmed
by the instruction given by the trial court aside from his claim that the jury should have
been charged with the instruction he requested. We overrule appellant's first issue. 

ISSUE 2: FAILURE TO CHARGE THE JURY ON A LESSER

INCLUDED OFFENSE OF ASSAULT


 Appellant was indicted for ". . . intentionally and knowingly caus[ing] bodily injury
to Randall Hendricks . . . and the defendant knew the said Hendricks was a public servant,
. . . and the said offense was committed while Randall Hendricks was lawfully discharging
an official duty . . . ." See PC § 22.01(b)(1). As in his first issue, appellant urges that there
is some evidence that Deputy Hendricks pepper sprayed appellant before appellant hit
Hendricks and that Hendricks' action was excessive force. Appellant reasons that
because some evidence existed that Hendricks was using excessive force, then the record
contained some evidence that Hendricks was not "lawfully discharging an official duty"
because the use of excessive force is not lawful. He concludes that given such evidence,
the jury could have found that even if he was guilty, he did not assault a public servant
lawfully discharging an official duty and therefore he could only have been found guilty of
assault. See PC § 22.01(a). 

 Under provisions of Tex. Crim. Proc. Code Ann. art. 37.09 (Vernon 1981), (2)
an offense is a lesser-included offense if:

 (1) it is established by proof of the same or less than all the facts required
to establish the commission of the offense charged;

 (2) it differs from the offense charged only in the respect that a less serious
injury or risk of injury to the same person, property, or public interest suffices
to establish its commission;

 (3) it differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commission; or

 (4) it consists of an attempt to commit the offense charged or an otherwise
included offense. 


 Determining whether a charge on a lesser-included offense is warranted presents
a dual inquiry. The first inquiry is whether the lesser offense is included within the proof
necessary to establish the offense charged. See Rousseau v. State, 855 S.W.2d 666,
672-73 (Tex.Crim.App. 1993). If so, the second inquiry is whether there is some record
evidence from which a jury could rationally find that if the defendant is guilty, he is guilty
only of the lesser offense. Id. Each definition of a lesser-included offense in CCP art.
37.09 is stated with reference to "the offense charged," and specifically states the manner
in which the lesser-included offense differs from the offense charged. See Bell v. State,
693 S.W.2d 434, 438 (Tex.Crim.App. 1985). Thus, in considering appellant's issues, we
must consider the offense as charged by the language of the indictment and compare the
charged offense with the statutory elements of the lesser-included offenses which
appellant alleges should have been charged. Id. at 438, n.8; Sanders v. State, 664
S.W.2d 705, 708 (Tex.Crim.App. 1982) (op. on rehr'g.). 

 The offense for which appellant was indicted included the elements of assault, see
PC § 22.01(a)(1), together with the additional element prescribed by PC § 22.01(b) that
appellant knew Hendricks was a public servant lawfully discharging an official duty. We
have previously concluded that, even assuming, arguendo, that pepper spraying appellant
before appellant hit him would have been use of excessive force by Hendricks and would
have made his actions unlawful, the record does not contain any evidence that the pepper
spraying of appellant took place before appellant hit Hendricks. Hendricks had his uniform
on at the time of the incident, Hendricks had encountered appellant on prior occasions
outside the jail and had then identified himself as a peace officer to appellant, and
appellant does not assert that he did not know Hendricks was acting as a deputy sheriff. 
The evidence would not rationally have supported a finding that if appellant assaulted
Hendricks, the assault was while Hendricks was acting otherwise than in lawful discharge
of an official duty. Accordingly, the jury could not have rationally convicted appellant only
of assault. See PC § 22.01(b)(1); Lavern, 48 S.W.3d at 361-62. We overrule appellant's
second issue. 

ISSUES 3 and 4: LEGAL AND FACTUAL

SUFFICIENCY OF THE EVIDENCE


 By his third and fourth issues, appellant urges that the evidence was legally and
factually insufficient to support his conviction. He briefs and argues the issues together,
and we will address them together. 

 Appellant identifies three areas of allegedly insufficient evidence: (1) legal
insufficiency that Hendricks was lawfully discharging an official duty when appellant hit
him; (2) factual insufficiency that Hendricks suffered a bodily injury from appellant's
actions; and (3) factual insufficiency that appellant hit Hendricks. Evidence to support a
conviction is legally sufficient if, after viewing the evidence in the light most favorable to
the prosecution, a rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789,
61 L.Ed.2d 560 (1979); Clewis v. State, 922 S.W.2d 126, 132 (Tex.Crim.App. 1996). All
the evidence is reviewed, but evidence that does not support the verdict is disregarded. 
See, e.g., Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). 

 Factual sufficiency review of the evidence begins with the presumption that the
evidence supporting the jury's verdict was legally sufficient under the Jackson test. 
Clewis, 922 S.W.2d at 134. Factual sufficiency review is accomplished without viewing the
evidence in the light most favorable to the prosecution, as the evidence is viewed in
determining legal sufficiency. Id. The evidence is factually sufficient to support the verdict
if the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Id. Stated otherwise, the evidence is not factually sufficient to support
a conviction if the appellate court determines, after viewing all the evidence, both for and
against the finding in a neutral light, that the proof of guilt is so obviously weak as to
undermine the confidence in the jury's determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex.Crim.App. 2000). In undertaking review of evidentiary sufficiency
challenges, we are mindful that the jury is the sole judge of the weight and credibility of the
evidence. See Santellan v. State, 939 S.W.2d 155, 164 (Tex.Crim.App. 1997). 

 We will first address appellant's factual sufficiency challenge to evidence that
appellant hit Hendricks and thus assaulted Hendricks, regardless of whether Hendricks
was acting lawfully or unlawfully. Appellant urges that the evidence of appellant's striking
Hendricks is so inconclusive and conflicting on the question that the jury's finding is clearly
wrong and unjust. We disagree. 

 Hendricks testified clearly that appellant hit him and knocked him into the cell door. 
He testified that the next morning he had a bruise on his back where he hit the cell door,
had pain in his shoulder, and had limited motion of his shoulder. He attributed all of the
symptoms, bruising and physical limitations to appellant's striking him. Although Hendricks
filed a report shortly after the incident and stated that appellant used his left fist in hitting
him, even though appellant actually used his right fist, Hendricks at no time equivocated
as to whether appellant hit him. Tribble testified that he did not have a good view of
appellant and Hendricks when the incident occurred because of Tribble's position outside
the cell. Tribble's statement that he did not see appellant strike Hendricks does not
contradict Hendricks' testimony. In any event, conflicts in testimony and matters of
credibility are for the jury to resolve. We conclude that after viewing all the evidence, both
for and against the finding in a neutral light, that the proof of guilt is not so obviously weak
as to be greatly outweighed by contrary proof. Thus, we conclude that the evidence that
appellant struck Hendricks is factually sufficient. See Johnson, 23 S.W.3d at 11.

 We next consider the factual sufficiency of the evidence to support a finding that
Hendricks suffered bodily injury from appellant's actions. Appellant's challenge is based
on Hendricks' testimony that he did not have pain on the evening of December 18th and
that he sought no medical attention, together with the inconsistency in Hendricks'
description of which hand appellant used to strike him. 

 Bodily injury is defined by the Penal Code as meaning physical pain, illness, or any
impairment of physical condition. See PC §1.07(a)(8). The Penal Code definition of
"bodily injury" encompasses even relatively minor physical contacts. See Lane v. State,
763 S.W.2d 785, 786 (Tex.Crim.App. 1989). 

 Hendricks testified, and was thoroughly cross-examined, about his physical
condition as a result of the confrontation with appellant. There is no evidence or testimony
that he had impairment of his shoulder, pain in the shoulder or bruising on his back before
the jailhouse incident with appellant. He attributed his soreness, stiffness, limitation of
motion and bruising which he noted on the following day to the episode with appellant. 
The Penal Code does not place a time limit on when manifestations of bodily injury are
required to appear. Nor do we, under these circumstances. The causal relationship
between the incident and Hendricks' bruise, pain and limitation of motion was for the jury
to resolve. The jury's finding of a causal connection is not so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. See Clewis, 922 S.W.2d at 134. 
The evidence is factually sufficient to support a finding that appellant's actions caused
bodily injury to Hendricks. 

 Appellant's legal sufficiency challenge to evidence that Hendricks was lawfully
discharging an official duty when appellant hit him refers, in part, to his arguments under
issues one and two. In our analysis of such issues we have referenced Hendricks'
testimony as to the sequence of events culminating in the pepper spraying of appellant. 
We need not repeat that analysis. We conclude, after viewing the evidence in the light
most favorable to the prosecution, that a rational trier of fact could have found Hendricks
was discharging a lawful duty when appellant hit him, and the evidence of such element
of the crime is legally sufficient. See Jackson, 443 U.S. at 319; Clewis, 922 S.W.2d at
132. Appellant's third and fourth issues are overruled. 

ISSUE 5: VIOLATION OF SIXTH AMENDMENT RIGHT

BY RACIAL MAKEUP OF JURY VENIRE 


 Appellant's fifth issue asserts that his rights under the Sixth Amendment to the
federal constitution were violated by the small percentage of African-American members
in the jury venire. He refers us to Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42
L.Ed.2d 690 (1975), Pondexter v. State, 942 S.W.2d 577 (Tex.Crim.App. 1997), and their
progeny, as authority. In doing so, appellant recognizes that authority places the burden
on him to prove, as part of his prima facie showing of a fair cross-section requirement
violation, that the underrepresentation of a distinctive group in the jury venire is due to
systematic exclusion of members of the group by the venire-selection process. See Duren
v. Missouri, 439 U.S. 357, 364, 366, 99 S.Ct. 664, 668-69, 58 L.Ed.2d 579 (1979);
Pondexter, 942 S.W.2d at 580-81. He does not claim that he proved a systematic
exclusion of African-Americans from the venire. Rather, he asserts that simply proving
underrepresentation of African-Americans on the venire should suffice to meet his burden
under the facts of his case. We disagree.

 In considering appellate issues based on the federal constitution we follow the
guidance of the United States Supreme Court. See State v. Guzman, 959 S.W.2d 631,
633 (Tex.Crim.App. 1998). And, it is axiomatic that intermediate Texas appellate courts
have the duty to follow pronouncements of the Texas Court of Criminal Appeals. See
Flores v. State, 883 S.W.2d 383, 385 (Tex.App.--Amarillo 1994, pet. ref'd). Both the
United States Supreme Court and the Court of Criminal Appeals have held that in order
to establish a prima facie violation of the requirement that a fair cross section of the
community be represented in the venire, appellant must show that: 1) the group alleged
to be excluded is a "distinctive" group in the community; 2) the representation of this group
in venires from which juries are selected is not fair and reasonable in relation to the
number of such persons in the community; and 3) this underrepresentation is due to
systematic exclusion of the group in the jury venire selection process. See Duren, 439
U.S. at 364, 99 S.Ct. at 668; Pondexter, 42 S.W.2d at 580. Despite appellant's argument
that, as a practical matter, the systematic exclusion of African-Americans can never be
proved in certain counties such as Childress county, we are not at liberty to disregard
decisions by the United States Supreme Court or the Texas Court of Criminal Appeals. 
Appellant did not prove the third required element that the alleged underrepresentation
was due to a systematic exclusion of African-Americans. We overrule appellant's fifth
issue.

ISSUE 6: INSTRUCTION TO DISREGARD EVIDENCE

OF EXTRANEOUS OFFENSES


 By his sixth issue, appellant complains of the trial court's failure to grant a mistrial
following testimony by Hendricks that Hendricks had arrested appellant "a couple of times"
before the incident for which appellant was indicted. Such testimony by Hendricks violated
a pretrial motion in limine which was granted. The testimony was timely objected to by
appellant. (3) The trial court sustained the objection, directed that the testimony be stricken
from the record and instructed the jury that the testimony was not to be considered for any
purpose. Appellant's motion for mistrial was denied.

 Denial of a motion for mistrial is reviewed under an abuse of discretion standard. 
See Ladd v. State, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). The determination of
whether a given error necessitates a mistrial must be made by examining the particular
facts of the case. Id. 

 When testimony is interjected, deliberately or inadvertently, which has no relevance
to any material issue in the case and which is potentially prejudicial to the accused,
appellate courts presume that an instruction to disregard the evidence will be obeyed by
the jury. See Gardner v. State, 730 S.W.2d 675, 696 (Tex.Crim.App.), cert. denied, 484
U.S. 905, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987). Exceptions to the rule are those extreme
cases where it appears that the evidence or other potentially prejudicial event is clearly
calculated to inflame the minds of the jury and is of such a character as to suggest the
impossibility of withdrawing the impression produced on the jury. Id. 

 We find guidance as to appellant's contention in Coe v. State, 683 S.W.2d 431
(Tex.Crim.App.1984) and Kelley v. State, 677 S.W.2d 34, 36 (Tex.Crim.App.1984). In
Coe, defense counsel asked an officer who conducted a lineup if two particular witnesses
had made a positive identification of the defendant. The officer replied "No, sir; they were
the complaining witnesses in the other robberies." The Court of Criminal Appeals held
that denial of defendant's motion for a mistrial was not reversible error. See Coe, 683
S.W.2d at 435-36. The defendant in Kelley was convicted of aggravated robbery. He was
apprehended upon suspicion of driving while intoxicated. The arresting officer testified
that he believed appellant was under the influence of drugs, in part because he saw
needle marks on defendant's arm. An instruction for the jury to disregard the reference to
the extraneous offense was held sufficient to cure any error. See Kelley, 677 S.W.2d at
36.

 The testimony of Hendricks did not include the bases for appellant's prior arrests,
nor any other information in connection with them. The trial court promptly had the jury
removed from the courtroom to consider appellant's objection. When the jury was brought
back into the courtroom, the judge instructed the jury that the testimony was to be
disregarded and not to be considered for any purpose. In the presence of the jury he
ordered the testimony stricken from the record. 

 The trial court was able to observe the demeanor of the witness, the atmosphere
in the courtroom, the reactions, if any, of the jurors, and gauge the effect of the court's
actions and instruction on the jury in light of the status of the evidence and the nature of
the charges against appellant. We do not believe the trial court abused its discretion in
concluding that the instruction cured any potential prejudice from the testimony. See Ladd,
3 S.W.3d at 567; Kelley, 677 S.W.2d at 36. 

 Appellant additionally asserts that the trial court's instruction as it was given
constituted error because it implied that a proper purpose existed for Hendricks' testimony. 
However, appellant did not object on such basis in the trial court. To preserve error for
review, a litigant must timely object and state the grounds for the ruling sought from the
trial court with sufficient specificity to make the trial court aware of the complaint, unless
the specific grounds were apparent from the context of the objection. See Tex. R. App. P.
33.1(a)(1)(A). The trial court was not afforded opportunity to rule on the contention made
on appeal, and we decline to consider it. Id. 

 We overrule appellant's sixth issue.

CONCLUSION

 Having overruled appellant's six issues, we affirm the judgment of the trial court.

 

 Phil Johnson

 Justice



Do not publish. 

 

 

 


 

1. Further reference to a provision of the Penal Code will be by reference to "PC § _."
2. Further references to a provision of the Code of Criminal Procedure will be by
reference to "CCP art. _."
3. Motions in limine do not preserve error. See Webb v. State, 760 S.W.2d 263, 275
(Tex.Crim.App. 1988). This is true whether the motion is granted or denied. See Willis
v. State, 785 S.W.2d 378, 384 (Tex.Crim.App. 1989); Webb, 760 S.W.2d at 275.