Ertis ALFRED, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. A14–82–457CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 11, 1983.

Ron Hayes, Houston, for appellant.

James C. Brough, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and
DRAUGHN and ELLIS, JJ.

OPINION

DRAUGHN, Justice.

Appeal is taken from a conviction of theft pursuant to a jury trial. Punishment, enhanced by two prior felony convictions, was assessed at life imprisonment.

Appellant contends that the trial court erred by refusing to grant a charge on the lesser included offense of misdemeanor theft. He further asserts that the conviction is void because the statutory definition of "person" violates due process of law as it is vague and indefinite. Finding these contentions without merit, we affirm the conviction.

As to appellant's first ground of error, the record does not reflect that he either requested a charge on the offense of misdemeanor theft, or objected to its omission. By failing to request the charge, or object to its omission, appellant did not preserve the alleged error for our review. *Martinez v. State*, 576 S.W.2d 854 (Tex.Cr. App.1979). Appellant's first ground of error is therefore overruled.

In his second ground of error appellant maintains that the conviction is void because the definition of person under § 1.07(a)(27) TEX.PENAL CODE ANN. (Vernon 1974) is so vague and indefinite that it [1] violates due process of law requirements. We find no merit in this contention. Theft is a felony of the third degree if, regardless of the value, the property is stolen from the person of another. TEX.PE-NAL CODE ANN. § 31.03 (Vernon 1974). Under § 2.01 of the Code Construction Act words and phrases are to be read in context and construed according to rules of grammar and common usage. TEX.REV.CIV. STAT.ANN. art. 5429b–2, § 2.01 (Vernon Supp.1982–1983). "Person" is defined in general usage as a human being; therefore, theft from the person includes taking prop-

1. Under TEX.PENAL CODE ANN. § 1.07(a)(27) (Vernon 1974), person is defined as "an individual, corporation, or association."

erty from the "presence" of the person assaulted, as well as taking of property in actual contact with the person. Black's Law Dictionary (5th ed. 1979).

In the instant case appellant snatched the purse of complainant, a seventy-seven year old woman, from the small raised portion of the grocery cart on which she had her hand. It is sufficient that the State proved complainant's hand was on the cart near the purse. The statutory definition of person is not violative of due process of law. Appellant's second ground of error is likewise overruled.

The conviction is affirmed.