Cesar ECHEVARRIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–01–01148–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 27, 2002.

Discretionary Review Refused
Nov. 27, 2002.

Kenneth E. Goode, Goode & Goode, Houston, for appellant.

Jessica Jinx D'Anna, for appellee.

Panel consists of Justices YATES, SEYMORE, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

Cesar Echevarria appeals his conviction and sixteen-year sentence for aggravated robbery. In two points of error, appellant contends his absence at a pre-trial hearing on his motion to suppress the complainant's trial identification (1) violated his Sixth Amendment right of confrontation and (2) violated section 1 of article 28.01 of the Texas Code of Criminal Procedure. We affirm.

### Factual Background

On November 29, 2000, appellant approached the complainant, Lilia Descamps, as she sat in her car using her cellular telephone. After asking the complainant to roll down her window, appellant uncovered a firearm and robbed her. During the robbery, the complainant testified she was calm and had a conversation in Spanish with appellant. The complainant assisted Officer Paul Reese in identifying the car in which appellant fled after the robbery. The car was traced to a man with two sons, one of which is appellant. Prior to trial, the complainant identified appellant in both a photo spread and a live lineup. The day before trial, the trial court

denied appellant's motion to suppress the complainant's identification of appellant. For reasons set forth below, appellant was not present at the suppression hearing.

### Discussion

The State argues appellant's Constitutional rights were not violated because (1) the Confrontation Clause does not apply to pre-trial proceedings; (2) appellant waived his rights by failing to object to his absence; and (3) appellant invited the error he now identifies. The latter two grounds are also urged by the State in response to appellant's statutory error issue. Because we overrule both appellant's issues (Sixth Amendment and article 28.01) on the third ground, we address both issues together.

We do not decide, but assume for the purpose of this appeal, that the Confrontation Clause applies to this particular pre-trial suppression hearing.[1] Section 1 of Article 28.01 states, in pertinent part: "The defendant must be present at the arraignment, and his presence is required during any pre-trial proceeding. The pre-trial hearing shall be to determine any of the following matters ... (6) Motions to suppress evidence."

### Invited Error

■ .At the commencement of the suppression hearing, the following exchange took place between the trial judge and appellant's counsel, Mr. Oncken:

Court: Also, Mr. Oncken, you have a motion as far as allowing your client to not be present; is that right?

Oncken: I do, Judge. I would like to state on the record that it was my request for the Court, and that the Court grant it, that Mr. Echevarria not be present in the courtroom during this hearing. So, that was totally something I requested and he is not present at this point in time.

Court: That has been granted by the Court.

Oncken: Thank you.

This exchange demonstrates the trial court and appellant's counsel were aware of the article 28.01 mandate that appellant be present at the suppression hearing. The first witness to testify was Officer Reese. It is clear from Officer Reese's testimony that the police believed either appellant or his brother, Luis Echevarria, had committed this crime.[2] The only evidence available to the police to aid them in determining which brother was the true culprit was the complainant's identification testimony.

On cross-examination of the complainant, the other witness at the suppression hearing, the following took place:

Oncken: Judge, could we have the individual brought out?

---

1. The Supreme Court has held that pre-trial events may undercut the right of cross-examination. *United States v. Wade*, 388 U.S. 218, 224–26, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). *See also Garza v. State*, 633 S.W.2d 508, 511–12 (Tex.Crim.App.1982) (discussing *Wade*). However, *Wade* instructs that it is the Sixth Amendment *right to counsel* that applies at a pretrial hearing to suppress a witness's identification. *Garza*, 633 S.W.2d at 512. Here, appellant's counsel was present at the hearing. Appellant's, as opposed to his counsel's, absence may more properly raise due process rather than confrontation clause issues. *See Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) ("a defendant is guaranteed the [Due Process] right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure").

2. Luis was arrested for a similar robbery some time after the filing of appellant's complaint.

Court: You may. Bring him out. Someone is going to be brought out. They are going to be standing right here. Please don't say a word. Just take a good look. Please don't say anything until the person leaves. Then a question will be asked. (Individual escorted into the courtroom)

Court: Come right here. Right over here, please. A little bit closer. Please look in my direction if you would, please. Thank you. You may go back. (Individual escorted out of the courtroom)

Court: You may proceed.

Oncken: Ma'am, do you recognize the individual that was just brought into the courtroom?

A: No.

The record from the pretrial hearing does not definitively indicate who was brought in to stand before the complainant. However, the following day, near the conclusion of the trial, both brothers were called before the jury. At that time, the complainant indicated she had seen Luis in person for the first time "yesterday." She also testified that on that day she had not seen appellant, nor had he been sitting anywhere in the courtroom. On appeal, the State submits, and we agree, that it was Luis who was presented to the complainant during the suppression hearing on the day prior to appellant's trial.

■ The law is well-settled that a criminal defendant may not create error, whether statutory or constitutional, and then submit that error as a basis for appellate relief. *See Garcia v. State*, 919 S.W.2d 370, 393–94 (Tex.Crim.App.1996). *See also Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim.App.1999) (distinguishing waiver from invited error). In *Garcia*, the defendant complained on appeal that the trial court failed to insist upon his presence during a portion of jury selection, thus violating mandatory language contained in

article 33.03 of the Texas Code of Criminal Procedure. *See* 919 S.W.2d at 393–94. The Court of Criminal Appeals observed that the right to be present at trial derives from the Sixth Amendment right of confrontation. *Id.* The Court nevertheless overruled appellant's issue because *both appellant and his counsel* requested that he not be forced to attend.

Reliance on *Garcia* alone is inadequate because the record in this case does not contain direct evidence that appellant joined counsel in the request to derogate from statutory and constitutional prescription. Indirect evidence, however, is plentiful. At the hearing, trial counsel secured the appearance of appellant's brother, something more likely to occur with appellant's knowledge than without his knowledge. At trial, both appellant and his brother's appeared and were presented to the complainant so that she could, again, choose between them. Last and most importantly, nowhere in his brief does appellant allege that his counsel's request to proceed without him at the hearing on the motion to suppress was in fact *ultra vires*. Had he made such an allegation, appellant could have, in the same manner that an accused rebuts the presumption of his attorney's effectiveness, developed supportive testimony at a hearing on a motion for new trial. *See generally Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (method for demonstrating ineffectiveness). Appellant's failure to support his claim with evidence via a motion for new trial is strong evidence that his absence at the suppression hearing was voluntary.

Finally, at least one case suggests we are entitled to presume that appellant's attorney's actions were his own. *See Ex parte Moneyhun*, 161 Tex.Crim. 19, 20, 274 S.W.2d 546, 547 (1955). Mr. Moneyhun,

through his attorney, requested that he be paroled upon the condition that he leave Taylor county. After his release, Moneyhun returned to the county and was arrested. Ruling on Moneyhun's subsequent complaint that the order of release was invalid, the court wrote: "When appellant's attorney requested his release, he became the moving factor and cannot now take advantage of a void order on the part of the county judge." *Id.*

Under these particular facts, we hold appellant invited the error he now identifies. We therefore overrule his two issues.

Accordingly, the judgment below is affirmed.