

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

### NO. 2-07-233-CR

---

MATTHEW ERIC DEVER                                               APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Matthew Eric Dever pleaded guilty to possession with intent to deliver over four grams but less than 200 grams of methamphetamine. A jury assessed punishment at fifty-five years' confinement and a $5,000 fine. In two points, Appellant argues that his guilty plea was involuntary because the trial court failed to admonish him regarding deportation and because the trial court did not advise him of the range of punishment until after he had pleaded guilty

---

[1]  *See* TEX. R. APP. P. 47.4.

in front of the jury. The State has filed a plea to the jurisdiction, arguing that—contrary to the trial court's certification—Appellant has no right to appeal because this is a plea bargain case. We grant the State's plea to the jurisdiction and dismiss the appeal.

**Procedural History**

The grand jury originally indicted Appellant for possession of a controlled substance in November 2006, and it reindicted him for possession with intent to deliver on June 13, 2007. At his arraignment hearing on June 18, 2007, the prosecutor stated on the record,

> It is my understanding that the Defense will waive their ten days, and that the Defendant intends to plead guilty to the first-degree delivery case to the jury and ask the jury to assess his punishment and in exchange provided that the jury returns a verdict that is final, the State will not prosecute Mr. Dever in any subsequent trials for the other several cases that he has pending.

Appellant's trial counsel then examined Appellant under oath, as follows:

Q. You know we are set to start the trial and we have a jury on their way right now.

A. Yes, sir.

Q. I believe you have 11 pending felony cases that are out there against you. There may be a 12th because one was a reindictment. You understand that the case we are talking about that you are going to plead guilty to is actually one of the old cases that kind of got a new number and they added the delivery part of that. Do you understand that?

2

A. Yes, sir.

Q. Do you understand that included in some of your offenses, you have what they call 42.12, 3(g) offenses? Do you understand that?

A. Yes, sir.

Q. You also understand on those type of offenses, that even for the purpose of parole and good time, you understand that the parole eligibility is at half of that, whatever your sentence is, and you do not get any good time credit for any 3(g) offenses. Do you understand that?

A. Yes.

Q. You have a couple of those cases pending against you. This case that we are going to try is not a 3(g) offense. It actually is a non 3(g), which means your parole eligibility would only be a quarter time. Do you understand that?

A. Yes, sir.

Q. And you understand what I mean by quarter time?

A. Yes, sir.

Q. That's less than half. For example, if you had a 60-year sentence, that would be computed at 15 years, right?

A. Yes, sir.

Q. You also understand that on a non 3(g) offense, that you also get credit for good time on your case for the time you spend in jail. Do you understand that too?

A. Yes.

Q. Do you understand that is not possible on a 3(g) offense?

3

A.   Yes, sir.

Q.   Knowing all that, we have discussed this and I went over -- I think I saw you three times in the jail last week; and knowing all that and my discussion with you today, you are willing to waive the ten days that we have to prepare for the case, plead guilty to jury and let the jury decide what the punishment is for this case?

A.   Yes, sir.

Q.   With that understanding, all those other cases, I believe the State said that they would do a DM2 or dismiss the other cases, so it is a one-time shot right here.  As long as the jury comes back -- and what they meant by that was they can't be a hung jury.  They have to have a final verdict.  If they do that, that's it.

     What they come back with is what you live with, and everything else is gone.  Is that how you understand it?

A.   Yes.

Q.   Knowing all that, is that what you want to do?

A.   Yes.

Appellant then pleaded guilty for purposes of the arraignment.

The parties then selected a jury.  Immediately after voir dire and outside the jury's presence, the trial court admonished Appellant on the record. Appellant persisted in pleading guilty, and the trial court accepted his plea. The punishment-phase evidence included extensive testimony about other crimes Appellant had allegedly committed.  The jury assessed punishment at fifty-five years' confinement and a $5,000 fine.  The trial court sentenced Appellant

4

accordingly. The trial court certified that "this criminal case . . . is not a plea-bargain case, and the defendant has the right to appeal." *See* TEX. R. APP. P. 25.2(a)(2), (b).

**Jurisdiction**

The State argues in its plea to the jurisdiction that notwithstanding the trial court's certification, this is a plea bargain case and Appellant has no right to appeal. When a complete record is present, an appellate court is obligated to examine that record so as to ascertain whether the trial court's certification is defective. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005). A complete record is present in this case; thus, we must examine the entire record in light of controlling precedent to determine whether the trial court's certification is defective.

The State relies on *Shankle v. State* for the proposition that a defendant has no right of appeal under article 44.02 of the code of criminal procedure when the defendant enters into a "charge-bargain," that is, a plea bargain where the defendant agrees to plead guilty to one charge in exchange for the State's promise not to prosecute the defendant for other charges. 119 S.W.3d 808 (Tex. Crim. App. 2003). In *Shankle*, the Court of Criminal Appeals described two basic kinds of plea-bargaining in the United States: "charge-bargaining" and "sentence-bargaining." *Id.* at 813. In

5

"charge-bargaining," a defendant agrees to plead guilty to the offense formally alleged or to some lesser or related offense and the State agrees to dismiss, or refrain from bringing, other charges. *Id.* "Sentence-bargaining" may occur when the parties place before the trial court binding or nonbinding recommendations on sentences, including a recommended "cap" on sentencing and/or a recommendation for deferred adjudication community supervision. *Id*. The court observed that both charge-bargaining and sentence-bargaining either directly involve punishment, or at least affect punishment, and noted, for example, that an agreement to dismiss a pending charge or not to bring an available charge effectively puts a cap on punishment at the maximum sentence for the charge not dismissed. *Id*. The court set out a hypothetical example of charge-bargaining that is remarkably similar to the facts of the instant appeal:

> Charge-bargains can affect punishment in other ways. For example, two offenses may be within the same range of punishment, but if one of them is described in Code of Criminal Procedure article 42.12, section 3g, and the other is not, the effects of sentences that are identical on their faces can be quite different. Sentences that are described in that section cannot be suspended by the trial court without the recommendation of a jury, and offenders convicted of them become eligible for parole only when their actual calendar time served in confinement equals the lesser of one-half of the sentence or 30 years, while other offenders are eligible when their actual calendar time served plus good conduct time equals the lesser of one-fourth of the sentence or 15 years.

*Id.* at 813–14 (footnotes omitted). The court concluded that such a charge-

6

bargain is a plea bargain as defined by article 44.02 of the code of criminal

procedure[2] and rule of appellate procedure 25.2(a)(2).[3] *Shankle*, 119 S.W.3d

---

[2] ⊡ Article 44.02 provides as follows:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon Supp. 2007).

[3] ⊡ Rule 25.2(a)(2) provides as follows:

In a plea bargain case–that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant–a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial, or

(B) after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2).

at 814.[4] Because the punishment assessed in *Shankle* did not exceed the maximum punishment for the nondismissed charge to which the defendant pleaded guilty under his charge-bargain agreement with the State, the court held that he had no right to appeal under article 44.02 and rule 25.2(a)(2) and dismissed the appeal for lack of jurisdiction. *Shankle*, 119 S.W.3d at 814.

For the same reasons, Appellant has no right to appeal in this case. The plea agreement was stated on the record by the prosecutor: The State would not prosecute Appellant in his other pending cases if Appellant pleaded guilty to the possession with intent to deliver methamphetamine charge. Neither Appellant nor his counsel objected to the prosecutor's recitation of the agreement, and counsel's subsequent examination of Appellant and Appellant's

---

[4] Although the court of criminal appeals observed that it "embodied the guilty-pleading defendant's right to appeal" under article 44.02 in rule 25.2(a)(2), *Shankle*, 119 S.W.3d at 812, we note that the definition of "plea bargain" in rule 25.2(a)(2) is not the same as the definition in article 44.02. Article 44.02 limits "plea bargain" to situations where "*the court*, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor." TEX. CODE CRIM. PROC. ANN. art. 44.02 (emphasis added). Rule 25.2(a)(2)'s definition of plea bargain—"a case in which a defendant's plea was guilty or nolo contendere *and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant*"—does not limit the term to situations where the court assesses punishment. TEX. R. APP. P. 25.2(a)(2) (emphasis added). Thus, rule 25.2(a)(2)'s limitation on a plea-bargaining defendant's right to appeal encompasses situations where, as here, a jury assesses punishment, while article 44.02 limits a defendant's right to appeal only when the court assesses punishment.

answers to his questions are wholly consistent with the agreement.  The jury assessed punishment that was less than the maximum for the charge to which Appellant pleaded guilty.  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), (d) (Vernon 2003); TEX. PENAL CODE ANN. § 12.32 (Vernon 2007) (together providing that possession with intent to deliver more than four but less than 200 grams of methamphetamine is a first-degree felony punishable by a sentence of imprisonment of up to ninety-nine years or life and a $10,000 fine). Because Appellant pleaded guilty and "the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," we hold that Appellant has no right of appeal under rule 25.2(a)(2).  *See* TEX. R. APP. P. 25.2(a)(2); *Shankle*, 119 S.W.3d at 814.

Because Appellant has no right of appeal, we have no jurisdiction over his complaint that the trial court failed to properly admonish him.  *See Shankle*, 119 S.W.3d at 814.  We therefore grant the State's plea to the jurisdiction and dismiss the appeal.  *See id.*; TEX. R. APP. P. 42.3(a).

PER CURIAM

PANEL:  GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: August 7, 2008