NUMBER 13-09-00441-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

ADRON SLOUGH, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 94th District Court

of Nueces County, Texas.

 


 MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Benavides and Vela


 Memorandum Opinion by Chief Justice Valdez
 

 Appellant, Adron Slough, was charged by indictment with the offense of robbery, a
second-degree felony. (1) See Tex. Penal Code Ann. § 29.02 (Vernon 2003). After a bench
trial, the trial court granted a directed verdict as to the robbery charge, yet it convicted
Slough of the lesser-included offense of theft from a person. See id. § 31.03 (Vernon
Supp. 2009). The trial court subsequently sentenced Slough to eighteen months'
confinement in a state jail and ordered him to pay $315 in court costs. By two issues,
Slough argues that: (1) the evidence supporting his conviction is legally and factually
insufficient; and (2) theft from a person is not a lesser-included offense of robbery. We
vacate the judgment of the trial court and remand with instructions to enter a judgment of
acquittal.

I. Background

 The indictment provided that, on February 21, 2009, Slough "while in the course of
committing theft of property and with intent to obtain or maintain control of said property,
intentionally or knowingly or recklessly cause[d] bodily injury to Raul Martinez[ (2)] by striking
Raul Martinez with the defendant's elbow." The underlying offense pertains to an incident
occurring at the Times Market convenience store located at the intersection of Ayers and
Arlington in Corpus Christi, Texas.

 At trial, Vasquez testified that: (1) he had worked as a security guard at the Times
Market for seven years; (2) he does not work behind the register; and (3) he stands in the
doorway "just looking out for people that come in and out." On the day of the incident,
Vasquez saw Slough come into the convenience store and take two eighteen-packs of Bud
Light beer. As he observed Slough leaving the store, Vasquez told Slough to stop;
however, Slough ran out of the store. Vasquez followed Slough out of the store. Slough
ran towards a dark-colored car parked at the corner of the parking lot and immediately got
into the car. Vasquez reached the car at approximately the same time as Slough and tried
to take the beer away from Slough. Vasquez was able to take one of the packs of beer
away from Slough; however, the car left the parking lot with Slough in possession of one
of the packs of beer. As the car pulled out of the parking lot, Vasquez was struck by the
car door and fell to the ground. Vasquez testified that Slough never touched him, but the
car door and the subsequent fall caused minor injuries to Vasquez's arm and hand.

 Gilbert Villarreal, a trooper with the Department of Public Safety, Highway Patrol
Division, testified that he was on patrol in the area at the time the incident occurred. 
Shortly after the incident, Trooper Villarreal pulled over the driver of a car for failure to wear
a seatbelt. During the stop, Trooper Villarreal received information about the alleged
robbery at the convenience store, which included the description of the car. The car he
had just pulled over matched the description of the car at the convenience store. Corpus
Christi police arrived at the scene of the traffic stop and arrested Slough. 

 After the witnesses from both sides concluded their testimony, the parties stipulated
that the value of the allegedly stolen beer was less than $50. The trial court subsequently
granted a directed verdict in favor of the defense as to the robbery offense; however,
Slough was convicted of the lesser-included offense of theft from a person. See id. During
the punishment phase, Slough admitted that he stole the beer, but he noted that he was
under the influence of medication used to treat his depression. The trial court sentenced
Slough to eighteen months' confinement in a state jail. This appeal ensued. (3)

II. Applicable Law

 In conducting a legal sufficiency review, we consider the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Sanders v. State, 119 S.W.3d
818, 820 (Tex. Crim. App. 2003). We must give deference to "the responsibility of the trier
of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts." Hooper v. State, 214 S.W.3d 9,
13 (Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). We
are not required to determine whether we believe the evidence at trial established guilt
beyond a reasonable doubt; rather, when faced with conflicting evidence, we must
presume that the trier of fact resolved any such conflict in favor of the prosecution, and we
must defer to that resolution. State v. Turro, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

 In conducting a factual sufficiency review, we consider the evidence in a neutral
light. Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). The verdict will
be set aside only if (1) it is so contrary to the overwhelming weight of the evidence as to
be clearly wrong and manifestly unjust, or (2) it is against the great weight and
preponderance of the evidence. Id. at 415 (citing Johnson v. State, 23 S.W.3d 1, 10 (Tex.
Crim. App. 2000)).

 Both legal and factual sufficiency are measured by the elements of the offense as
defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997); Adi v. State, 94 S.W.3d 124, 131 (Tex. App.-Corpus Christi 2002, pet.
ref'd). 

 Theft occurs when a person unlawfully appropriates property with the intent to
permanently deprive the owner of the property. Tex. Penal Code Ann. § 31.03(a). Theft
becomes a third-degree felony if the property is stolen from the person of another. Id. §
31.03(e)(4)(B); see Farrell v. State, 837 S.W.2d 395, 398 (Tex. App.-Dallas 1992, pet.
ref'd). To sustain a conviction for theft from a person, the evidence must show that the
property was taken from the physical body of the person or from his grasp or immediate
possession. Earls v. State, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986); see Farrell, 837
S.W.2d at 398 (citing Mack v. State, 465 S.W.2d 941, 942 (Tex. Crim. App. 1971); Alfred
v. State, 659 S.W.2d 97, 98 (Tex. App.-Houston [14th Dist.] 1983, no pet.) (holding that
theft of a purse from a shopping cart was theft from the person where the complainant's
hand was on the cart)); see also Mullins v. State, No. 07-03-0332-CR, 2005 Tex. App.
LEXIS 6553, at **7-9 (Tex. App.-Amarillo Aug. 16, 2005, no pet.) (mem. op., not
designated for publication) (affirming a conviction for theft from a person because the
evidence showed that a purse was stolen while it was within the grasp of the victim and the
risk of injury incident to the taking was established when someone, who saw the taking of
the purse, was injured after pursuing the defendant); Cotton v. State, Nos. 05-97-01964-CR & 05-97-01965-CR, 1999 Tex. App. LEXIS 2419, at **13-14 (Tex. App.-Dallas Apr. 1,
1999, no pet.) (not designated for publication) (affirming a conviction for theft from a person
when the defendant took money from an envelope on the seat of a truck, which was in
close proximity to the victim).

 "It is the risk of fright or injury that distinguishes theft from a person from ordinary
theft." Farrell, 837 S.W.2d at 398 (citing Earls, 707 S.W.2d at 86). "Theft from a person
involves a risk of fright or injury because a struggle might ensue or a defendant might injure
a person in order to take the property." Id. (citing Earls, 707 S.W.2d at 86).

III. Analysis

 In his first issue, Slough argues that the evidence supporting his conviction for theft
from a person is legally and factually insufficient. The State concedes that the evidence
supporting Slough's conviction is insufficient, noting that Slough's "struggle" with Vasquez
in the parking lot of the store "did not convert the theft into a theft from the person of
another" because the theft had already been completed. We agree. 

 The court of criminal appeals has held that when all of the elements of a theft have
occurred, then the theft is complete and does not continue; thus "asportation--the act of
carrying away or removing property--is not an element of statutory theft." Hawkins v.
State, 214 S.W.3d 668, 670 (Tex. App.-Waco 2007, no pet.); see Barnes v. State, 824
S.W.2d 560, 562 (Tex. Crim. App. 1991) ("Generally, when each of the elements of a crime
have occurred, the crime is complete."), overruled on other grounds by Proctor v. State,
967 S.W.2d 840, 842 (Tex. Crim. App. 1998). At the time Slough took the beer with the
intent to deprive the owner of the property, he was inside the store and the beer was not
in the immediate possession of any person; therefore, the theft was completed at this time. 
See Barnes, 824 S.W.2d at 562; Earls, 707 S.W.2d at 85; Mack, 465 S.W.2d at 942; see
also Farrell, 837 S.W.2d at 398; Alfred, 659 S.W.2d at 98. In addition, Vasquez testified
that Slough never touched him, and Vasquez failed to note that he was frightened of injury
when he pursued Slough in the convenience store's parking lot, a point in time when the
theft had already been completed. See Earls, 707 S.W.2d at 86; see also Farrell, 837
S.W.2d at 398. 

 Based on the foregoing, we cannot say that Slough committed the offense of theft
from a person. See Earls, 707 S.W.2d at 85; see also Farrell, 837 S.W.2d at 398. 
Therefore, we agree that, after viewing the evidence under the appropriate prisms, the
evidence is legally and factually insufficient. See Watson, 204 S.W.3d at 414-15; see also
Sanders, 119 S.W.3d at 820. Accordingly, we sustain Slough's first issue. IV. Conclusion

 Because we have sustained Slough's first issue, we need not address his second
issue. See Tex. R. App. P. 47.1. Furthermore, because the State concedes and we agree
that the evidence supporting Slough's conviction is insufficient, we vacate the judgment of
the trial court and remand with instructions to render a judgment of acquittal as to the
charge of theft from a person. 

 ________________________

 ROGELIO VALDEZ

 Chief Justice


Dissenting Memorandum Opinion 

by Justice Rose Vela.

 

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

3rd day of June, 2010. 
1. The indictment also included an enhancement paragraph stating that Slough had been previously
convicted of felony burglary of a habitation on May 12, 2003. See Tex. Penal Code Ann. § 30.02 (Vernon
2003). This conviction enhanced the robbery charge to a first-degree felony. See id. § 12.42(b) (Vernon
Supp. 2009).
2. At trial, it was established that Raul Martinez's real name is Raul Martinez Vasquez.
3. On May 19, 2010, Slough and the State filed a "Joint Motion for Expedited Disposition and Release
on Personal Bond," asserting that Slough filed an appellate brief with this Court arguing that the evidence
supporting his conviction is legally and factually insufficient and that the State agreed. The parties also stated
that, as of May 19, 2010, Slough had served fifteen months of his eighteen-month sentence and that, without
expedited treatment of this case, he "will likely receive no effective relief from the erroneous sentence." After
reviewing the record and the contents of the motion, we GRANT the parties' joint motion for expedited
disposition and release on personal bond.