

# NUMBER 13-09-00441-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ADRON SLOUGH,                                            **Appellant,**

**v.**

THE STATE OF TEXAS,                                     **Appellee.**

### On appeal from the 94th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Vela
### Memorandum Opinion by Chief Justice Valdez

Appellant, Adron Slough, was charged by indictment with the offense of robbery, a second-degree felony.[1] *See* TEX. PENAL CODE ANN. § 29.02 (Vernon 2003). After a bench trial, the trial court granted a directed verdict as to the robbery charge, yet it convicted Slough of the lesser-included offense of theft from a person. *See id.* § 31.03 (Vernon

---

[1] The indictment also included an enhancement paragraph stating that Slough had been previously convicted of felony burglary of a habitation on May 12, 2003. *See* TEX. PENAL CODE ANN. § 30.02 (Vernon 2003). This conviction enhanced the robbery charge to a first-degree felony. *See id.* § 12.42(b) (Vernon Supp. 2009).

Supp. 2009). The trial court subsequently sentenced Slough to eighteen months' confinement in a state jail and ordered him to pay $315 in court costs. By two issues, Slough argues that: (1) the evidence supporting his conviction is legally and factually insufficient; and (2) theft from a person is not a lesser-included offense of robbery. We vacate the judgment of the trial court and remand with instructions to enter a judgment of acquittal.

## I. BACKGROUND

The indictment provided that, on February 21, 2009, Slough "while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly or recklessly cause[d] bodily injury to Raul Martinez[2] by striking Raul Martinez with the defendant's elbow." The underlying offense pertains to an incident occurring at the Times Market convenience store located at the intersection of Ayers and Arlington in Corpus Christi, Texas.

At trial, Vasquez testified that: (1) he had worked as a security guard at the Times Market for seven years; (2) he does not work behind the register; and (3) he stands in the doorway "just looking out for people that come in and out." On the day of the incident, Vasquez saw Slough come into the convenience store and take two eighteen-packs of Bud Light beer. As he observed Slough leaving the store, Vasquez told Slough to stop; however, Slough ran out of the store. Vasquez followed Slough out of the store. Slough ran towards a dark-colored car parked at the corner of the parking lot and immediately got into the car. Vasquez reached the car at approximately the same time as Slough and tried to take the beer away from Slough. Vasquez was able to take one of the packs of beer away from Slough; however, the car left the parking lot with Slough in possession of one

_____
[2] At trial, it was established that Raul Martinez's real name is Raul Martinez Vasquez.

2

of the packs of beer. As the car pulled out of the parking lot, Vasquez was struck by the car door and fell to the ground. Vasquez testified that Slough never touched him, but the car door and the subsequent fall caused minor injuries to Vasquez's arm and hand.

Gilbert Villarreal, a trooper with the Department of Public Safety, Highway Patrol Division, testified that he was on patrol in the area at the time the incident occurred. Shortly after the incident, Trooper Villarreal pulled over the driver of a car for failure to wear a seatbelt. During the stop, Trooper Villarreal received information about the alleged robbery at the convenience store, which included the description of the car. The car he had just pulled over matched the description of the car at the convenience store. Corpus Christi police arrived at the scene of the traffic stop and arrested Slough.

After the witnesses from both sides concluded their testimony, the parties stipulated that the value of the allegedly stolen beer was less than $50. The trial court subsequently granted a directed verdict in favor of the defense as to the robbery offense; however, Slough was convicted of the lesser-included offense of theft from a person. *See id.* During the punishment phase, Slough admitted that he stole the beer, but he noted that he was under the influence of medication used to treat his depression. The trial court sentenced Slough to eighteen months' confinement in a state jail. This appeal ensued.[3]

## II. APPLICABLE LAW

In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Sanders v. State*, 119 S.W.3d

---

[3] On May 19, 2010, Slough and the State filed a "Joint Motion for Expedited Disposition and Release on Personal Bond," asserting that Slough filed an appellate brief with this Court arguing that the evidence supporting his conviction is legally and factually insufficient and that the State agreed. The parties also stated that, as of May 19, 2010, Slough had served fifteen months of his eighteen-month sentence and that, without expedited treatment of this case, he "will likely receive no effective relief from the erroneous sentence." After reviewing the record and the contents of the motion, we GRANT the parties' joint motion for expedited disposition and release on personal bond.

818, 820 (Tex. Crim. App. 2003). We must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). We are not required to determine whether we believe the evidence at trial established guilt beyond a reasonable doubt; rather, when faced with conflicting evidence, we must presume that the trier of fact resolved any such conflict in favor of the prosecution, and we must defer to that resolution. *State v. Turro*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

In conducting a factual sufficiency review, we consider the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). The verdict will be set aside only if (1) it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust, or (2) it is against the great weight and preponderance of the evidence. *Id.* at 415 (citing *Johnson v. State*, 23 S.W.3d 1, 10 (Tex. Crim. App. 2000)).

Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Adi v. State*, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref'd).

Theft occurs when a person unlawfully appropriates property with the intent to permanently deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a). Theft becomes a third-degree felony if the property is stolen from the person of another. *Id.* § 31.03(e)(4)(B); *see Farrell v. State*, 837 S.W.2d 395, 398 (Tex. App.–Dallas 1992, pet. ref'd). To sustain a conviction for theft from a person, the evidence must show that the

property was taken from the physical body of the person or from his grasp or immediate possession. *Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986); *see Farrell*, 837 S.W.2d at 398 (citing *Mack v. State*, 465 S.W.2d 941, 942 (Tex. Crim. App. 1971); *Alfred v. State*, 659 S.W.2d 97, 98 (Tex. App.–Houston [14th Dist.] 1983, no pet.) (holding that theft of a purse from a shopping cart was theft from the person where the complainant's hand was on the cart)); *see also Mullins v. State*, No. 07-03-0332-CR, 2005 Tex. App. LEXIS 6553, at **7-9 (Tex. App.–Amarillo Aug. 16, 2005, no pet.) (mem. op., not designated for publication) (affirming a conviction for theft from a person because the evidence showed that a purse was stolen while it was within the grasp of the victim and the risk of injury incident to the taking was established when someone, who saw the taking of the purse, was injured after pursuing the defendant); *Cotton v. State*, Nos. 05-97-01964-CR & 05-97-01965-CR, 1999 Tex. App. LEXIS 2419, at **13-14 (Tex. App.–Dallas Apr. 1, 1999, no pet.) (not designated for publication) (affirming a conviction for theft from a person when the defendant took money from an envelope on the seat of a truck, which was in close proximity to the victim).

"It is the risk of fright or injury that distinguishes theft from a person from ordinary theft." *Farrell*, 837 S.W.2d at 398 (citing *Earls*, 707 S.W.2d at 86). "Theft from a person involves a risk of fright or injury because a struggle might ensue or a defendant might injure a person in order to take the property." *Id.* (citing *Earls*, 707 S.W.2d at 86).

### III. ANALYSIS

In his first issue, Slough argues that the evidence supporting his conviction for theft from a person is legally and factually insufficient. The State concedes that the evidence supporting Slough's conviction is insufficient, noting that Slough's "struggle" with Vasquez

in the parking lot of the store "did not convert the theft into a theft from the person of another" because the theft had already been completed. We agree.

The court of criminal appeals has held that when all of the elements of a theft have occurred, then the theft is complete and does not continue; thus "asportation—the act of carrying away or removing property—is not an element of statutory theft." *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.–Waco 2007, no pet.); *see Barnes v. State*, 824 S.W.2d 560, 562 (Tex. Crim. App. 1991) ("Generally, when each of the elements of a crime have occurred, the crime is complete."), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840, 842 (Tex. Crim. App. 1998). At the time Slough took the beer with the intent to deprive the owner of the property, he was inside the store and the beer was not in the immediate possession of any person; therefore, the theft was completed at this time. *See Barnes*, 824 S.W.2d at 562; *Earls*, 707 S.W.2d at 85; *Mack*, 465 S.W.2d at 942; *see also Farrell*, 837 S.W.2d at 398; *Alfred*, 659 S.W.2d at 98. In addition, Vasquez testified that Slough never touched him, and Vasquez failed to note that he was frightened of injury when he pursued Slough in the convenience store's parking lot, a point in time when the theft had already been completed. *See Earls*, 707 S.W.2d at 86; *see also Farrell*, 837 S.W.2d at 398.

Based on the foregoing, we cannot say that Slough committed the offense of theft from a person. *See Earls*, 707 S.W.2d at 85; *see also Farrell*, 837 S.W.2d at 398. Therefore, we agree that, after viewing the evidence under the appropriate prisms, the evidence is legally and factually insufficient. *See Watson*, 204 S.W.3d at 414-15; *see also Sanders*, 119 S.W.3d at 820. Accordingly, we sustain Slough's first issue.

## IV. CONCLUSION

6

Because we have sustained Slough's first issue, we need not address his second issue. *See* TEX. R. APP. P. 47.1. Furthermore, because the State concedes and we agree that the evidence supporting Slough's conviction is insufficient, we vacate the judgment of the trial court and remand with instructions to render a judgment of acquittal as to the charge of theft from a person.

_____
ROGELIO VALDEZ
Chief Justice

Dissenting Memorandum Opinion
by Justice Rose Vela.

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
3rd day of June, 2010.

7