

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00129-CR
_____

**DIMITRI ALEXANDER GRAVES, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 46th District Court
Hardeman County, Texas
Trial Court No. 4302; Honorable Dan Mike Bird, Presiding

December 3, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following a jury trial as to both guilt/innocence and punishment, Appellant, Dimitri

Alexander Graves, was convicted of the offense of theft[1] from an elderly person,[2]

---

[1] *See* TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2018). Where, as here, the indictment alleges theft from a person, regardless of the value of the appropriated property, the offense is a state jail felony. *See* § 31.03(e)(4)(B) (West Supp. 2018).

[2] *See* § 31.03(f)(3)(A) (West Supp. 2018). An offense described for purposes of punishment by section 31.03(e)(4)(B) is increased to the next higher category of offense (a third degree felony) if it is shown on the trial of the offense that the owner of the property appropriated was, at the time of the offense, a person 65 years of age or older. *See also* TEX. PENAL CODE ANN. §§ 31.01(10), 22.04(c)(2) (West Supp. 2018).

enhanced by a prior felony conviction.[3]   Punishment was assessed at twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000.[4]   By two issues, Appellant contends the evidence is both (1) legally and (2) factually insufficient to support his conviction.   We modify the judgment to correct the "degree of offense" and, as modified, affirm the judgment.

BACKGROUND

Appellant was charged by indictment with unlawfully appropriating a purse from JoAnn Graves, an elderly individual, on or about July 1, 2015, without her effective consent and with the intent to deprive her of that property.   Testimony at trial established that in the early morning hours of June 1st, Appellant engaged in an argument with Constance Deann Graves, concerning some money he alleged she owed him.   At the time, Constance gave him some money and then took her purse into a residence where she entrusted it to her grandmother, JoAnn Graves.   Shortly thereafter, Appellant entered the residence and told JoAnn that Constance had asked him to retrieve her purse.   JoAnn testified that, at the time, the purse was not in her physical possession but was within reach.   Without any threats or coercion, Appellant picked up the purse and began walking away.   When Constance attempted to stop Appellant, he "bowed up in an aggressive posture."   While the investigating police officer described JoAnn and Constance as "distraught" following the incident, JoAnn testified that she was not frightened, nor did she

---

[3] As enhanced, this third-degree felony offense was punishable as a felony of the second degree. *See* § 12.42(a) (West Supp. 2018).   An offense "punished as" a higher offense raises the level of punishment, not the degree of the offense. *Oliva v. State,* 548 S.W.3d 518, 526-27 (Tex. Crim. App. 2018).

[4] The 84th Texas Legislature amended section 31.03(e), effective as of September 1, 2015. *See* Act of May 31, 2015, 84th Leg., R.S., ch. 1251, § 10, 2015 Tex. Gen. Laws 4209, 4213 (current version at TEX. PENAL CODE ANN. § 31.03(e) (West Supp. 2018)).   Because the offense occurred July 1, 2015, the law applicable to this case was the prior version of the statute in effect on the date of offense.

believe Appellant would hurt her if she did not let him have the purse. Constance testified that there was approximately $500 left in the purse after she had originally given him $100.

STANDARD OF REVIEW

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In determining whether the evidence is legally sufficient to support a conviction, a reviewing court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimonies, and a reviewing court must defer to those determinations and not usurp the jury's role by substituting its judgment for that of the jury. *Id.* (citing *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012)). The duty of a reviewing court is simply to ensure that the evidence presented supports the fact finder's verdict and that the State has presented a legally sufficient case of the offense charged. *Id.* When a reviewing court is faced with a record supporting contradicting conclusions, the court must presume the fact finder resolved any such conflicts in favor of the verdict, even when not explicitly stated in the record. *Id.* "Under this standard, evidence may be legally insufficient when the record contains no evidence of an essential element, merely

3

a modicum of evidence of one element, or if it conclusively establishes a reasonable doubt." *Id.* (quoting *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013)).

APPLICABLE LAW

Theft occurs when a person unlawfully appropriates property with the intent to permanently deprive the owner of the property. § 31.03(a) (West Supp. 2018). An "owner" is any person who has an ownership interest in property, possession of property, or a greater right to possession of the property than the actor. § 1.07(a)(35) (West Supp. 2018). "Ordinary" theft becomes theft from a person whenever the property appropriated is taken from the person of another. § 31.03(e)(4)(B) (West Supp. 2018).

In order to sustain a conviction for theft from a person, the evidence must show that the property appropriated was taken from the physical body of the person or from that person's grasp or immediate possession. *Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986); *Alfred v. State*, 659 S.W.2d 97, 98 (Tex. App.—Houston [14th Dist.] 1983, no pet.) (theft of purse from shopping cart where complainant's hand was on the cart). Actual physical contact is not required in order to satisfy the statutory requirements of theft from a person. *Earls*, 707 S.W.2d at 85; *Mullins v. State*, 07-03-0332-CR, 2005 Tex. App. LEXIS 6553, at *7 (Tex. App.—Amarillo Aug. 16, 2005, no pet.) (mem. op., not designated for publication) (purse taken from a laundromat folding table not within the immediate reach of the owner). Evidence is sufficient to establish theft from person if it is shown the theft creates a reasonable risk of injury. *Id.*

It is the risk of fright or injury that distinguishes theft from a person from ordinary theft. *Earls*, 707 S.W.2d at 86. Theft from a person involves a risk of fright or injury because a struggle for the property might ensue or a defendant might injure a person in

order to facilitate appropriation of the property. *Id.* The social policy behind elevating the seriousness of the offense is that theft from a person involves the risk of injury inherent in taking property from the person of another. *See id. See also* § 31.03(e)(4)(B) (West Supp. 2018). It is the *possibility or risk* of fright or injury that is critical, not that there be actual fright or injury.

ANALYSIS

By his first issue, Appellant contends the evidence is legally insufficient to support a finding of theft from a person because there is no evidence that JoAnn was ever frightened or injured by Appellant. That conclusion is not, however, supported by the evidence. While there was testimony that JoAnn was not frightened or injured, there was also conflicting testimony that she was flustered by the incident and distraught when interviewed by the police. Furthermore, there was evidence that Appellant acted in a belligerent manner and was in an "aggressive posture" when confronted. Because the jury was the sole judge of the credibility of the witnesses and the weight to be given to their testimonies, we cannot say there was "no evidence" supporting the verdict. Accordingly, the evidence was sufficient to support the implicit finding that Appellant's encounter with JoAnn involved some "risk of fright or injury."

Furthermore, as to Appellant's contention that the evidence did not show the purse was taken from JoAnn's physical possession or grasp, there was clear evidence the purse was within her reach. Considering the circumstances involved, the evidence was sufficient for the jury to conclude that the property appropriated was within her immediate possession. Appellant's first issue is overruled.

5

By his second issue, Appellant contends *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), was wrongly decided and, therefore, this court should set aside his conviction because the jury's finding of guilt was so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. We need not address Appellant's arguments for overruling the current precedent established by *Brooks* because under the time-honored principle of *stare decisis*, an intermediate appellate court is required to recognize and acquiesce in clear precedent established by a higher court. *See Henderson v. State*, 07-17-00099-CR, 2018 Tex. App. LEXIS 3966, at *13 (Tex. App.—Amarillo June 1, 2018, pet. ref'd) (mem. op., not designated for publication); *Adams v. State*, 502 S.W.3d 238, 244 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Absent a contrary decision by a higher court, we are bound by that precedent. Accordingly, we overrule Appellant's second issue.

REFORMATION OF JUDGMENT

In our review of the record, it came to our attention that the judgment includes a clerical error. The judgment indicates Appellant was convicted of the felony offense of theft pursuant to the provisions of section 31.03(f) of the Texas Penal Code, more specifically section 31.03(f)(3)(A). This statutory provision provides that theft from a person (a state jail felony) is increased to the next higher category (a third degree felony) if it is shown that the owner of the property appropriated was at the time of the offense an "elderly individual." While the offense was *punishable as* a second degree felony due to a single felony enhancement, the degree of offense remained a third degree felony. *See Oliva*, 548 S.W.3d at 526-27. Therefore, the judgment incorrectly reflects that the "Degree of Offense" as a "2ND DEGREE FELONY."

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30. As such, the judgment of the court is reformed to reflect the degree of offense as a third degree felony.

The trial court is ordered to prepare and file a *Judgment Nunc Pro Tunc* reflecting this reformation and the trial court clerk is ordered to provide a copy of that judgment to the Institutional Division of the Texas Department of Criminal Justice.

CONCLUSION

As reformed, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

7